(159 App. Div. 782)

### In re JONES.

(Supreme Court, Appellate Division, First Department. December 31, 1913.)

ATTORNEY AND CLIENT (§ 48*)—DISBARMENT—BAR ASSOCIATION—INTEREST.

The bar association, organized by Act April 28, 1871 (Laws 1871, c. 819), to maintain the honor of the profession, among other things maintains a grievance committee to prefer charges of professional misconduct against attorneys, but no member of the association, other than those of the grievance committee, participates in or has control of the preferment of charges. Held that, as the purpose of the preferment of charges was merely to purify the bar and the bar association sought no relief, an attorney against whom charges are proposed is not entitled to have the official referee removed because he is a member of the association and therefore interested in the event.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 64, 65, 68; Dec. Dig. § 48.*]

In the matter of the disbarment of Holmes Jones, an attorney. On motion to remove the official referees to whom the proceeding was referred. Motion denied.

See, also, 143 N. Y. Supp. 1124.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Holmes Jones, of Tuckahoe, in pro. per.
Einar Chrystie, of New York City, for petitioner.

INGRAHAM, P. J. Charges of serious misconduct against the respondent were presented to this court by the association of the bar of the city of New York, to which the respondent filed his answer, and an order was duly entered appointing Hon. John J. Friedman, an official referee of this court, as official referee to take proof of these charges and report the same with his opinion to this court. The respondent now asks the court to remove the referee named herein and to appoint some person other than a member of the petitioner here-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in as the referee. He bases this request upon the fact that in 1876 John J. Friedman was elected a member of the association of the bar and has continued to be a member of the said association, and claims that he is both a prosecutor and a judicial officer in this proceeding.

On this motion the respondent entirely misapprehends the nature of the proceedings and the position of the petitioner. The association is not a party to an action between the petitioner and the respondent. The association of the bar was incorporated by an act of the Legislature, passed April 28, 1871 (Laws 1871, c. 819), and one of its purposes was to maintain the honor and dignity of the profession of the law. Various committees are appointed by the association of the bar to carry out the purposes for which it was incorporated, among them a committee on grievances, to whom are referred charges of professional misconduct against an attorney. With these charges the members of the association, other than the members of the grievance committee and the executive committee, have nothing to do, and it is not alleged that the official referee is a member of either of those committees. The association as a body or its members, other than the members of these two committees, are not interested in the result of this proceeding, except in so far as they are members of the association and are interested in maintaining the standards of the profession of the law, and to that extent every member of the bar is also interested in the proceedings.

The distinguished referee, whose position herein is attacked on this motion, has been a member of the judiciary of the state of New York for 28 years and upwards, and after his retirement from the bench he was appointed an official referee, under the provisions of the law, to whom this court was authorized to refer proceedings of this character. He has no personal interest in these proceedings, and no possible advantage can accrue to the association from the final determination at which he arrives. Neither his personal interest nor the interest of the association of which he is a member is involved in the determination of the questions referred to him as the official referee of this court. Neither he nor the association is in any proper respect a party to a judicial proceeding. The association, through its committees, has reported to this court that the respondent, who is an attorney at law, has been guilty of professional misconduct. It therefore became the duty of this court to inquire into the conduct of the respondent and see if the charges against the respondent were true. A mere member of the association has nothing to do with presenting the charges to this court or of the prosecution of the charges after they are presented. The official referee is in no sense a party to the proceeding, interested in the result or disqualified from acting as a judge or referee in the determination of the truth of the charges themselves.

This court held in Matter of Flannery, that a referee was not disqualified because he was a member of the association whose committee first called the attention of the court to the charges. We approve what was said by the Supreme Judicial Court of Massachusetts, where a similar claim was made, in Boston Bar Association v. Casey, 211 Mass. 187, 97 N. E. 751, 39 L. R. A. (N. S.) 116, Ann. Cas 1913A, 1226, and

what was there said represents the position this court will take on this motion:

> "It may be at once conceded that, if the respondent's premises are correct, his conclusion would be the natural logical sequence. But the premises are not correct. They are based upon an entire misconception of the nature of the proceeding. This is not a proceeding between two parties where the court is asked to adjudicate conflicting claims as to some right, corporal or incorporeal, and where a decision favorable to one party is necessarily to that extent unfavorable to the other. It is rather in the nature of an inquest or inquiry as to the conduct of the respondent. In the result of this inquiry the association has no interest. It can gain nothing, nor can it lose anything, whatever may be the result. It simply calls the attention of the court to the alleged misconduct of an attorney, not for the purpose of obtaining redress of any grievance suffered by itself, but only that the court, if so disposed, may inquire into the charge and act accordingly. Such this petition plainly is upon its face. It sets forth no wrong done to it; it asks for no relief. The prayer at the end of the petition does not ask for such a decree as justice and equity may require as between the association and respondent, but in substance for such an order as the court shall 'deem expedient in the interests of the public welfare.' "

See, also, Fairfield County Bar Association v. Taylor, 60 Conn. 11, 22 Atl. 441, 13 L. R. A. 767.

In presenting charges against attorneys who have violated their trust and been guilty of unprofessional conduct, the association of the bar of the city of New York is performing a public duty which the Legislature by special act has authorized it to perform. It is no more a prosecutor against a delinquent attorney than are all the people of the state of New York prosecutors against criminals called to the bar of justice for crimes against the people. The members of the association have no greater interest in the result of this proceeding than has any other member of the profession or any other member of the community who are entitled to protection against dishonest lawyers. To question the judicial impartiality of the distinguished official referee, to whom this matter has been referred, shows how entirely the respondent misapprehends the nature of the proceeding and the object for which it has been instituted.

The motion is therefore denied. All concur.