### In re JONES.

(Supreme Court, Appellate Division, First Department. May 15, 1914.)

ATTORNEY AND CLIENT (§ 44*)—DISBARMENT—GROUNDS.

> An attorney, who failed to pay over money belonging to his client until after commitment for contempt, in refusing to .obey the orders of the court to turn such money over, had been ordered, and whose only defense to disbarment proceedings was that the referee and judges were disqualified, because they were or had been members of the bar association which preferred the charges, is unfit to remain a member of the profession, and will be disbarred.

> [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. § 44.*]

Charges of professional misconduct presented by the Association of the Bar of the City of New York against Holmes Jones, an attorney and counselor at law. Respondent disbarred.

See, also, 146 N. Y. Supp. 1095.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George Thoms, of New York City, for petitioner.

Holmes Jones, of Tuckahoe, pro se.

INGRAHAM, P. J.   The charges against this respondent involve his misappropriation of property and money of his clients, which he converted to his own use and failed to pay over until proceedings had been commenced by his clients against him, orders had been made that he restore to his clients the money he had misappropriated, and commitments had been ordered for contempt for refusing to obey the orders of the court.

When the charges were presented, the respondent interposed an answer, and they were referred to the official referee.   Instead of appearing before the official referee, the respondent attempted to avoid the investigation by charging that the official referee, being a member of the Association of the Bar of the City of New York, was disqualified from acting.   That objection having been overruled (159 App. Div. 782, 145 N. Y. Supp. 65), the respondent failed to appear before the official referee.   The official referee took the evidence of the charges, and they were proved by uncontradicted evidence.   The order of the court requiring the respondent to restore to his clients property that he had misappropriated, and the commitments for contempt for refusing to obey its orders, were proved before the official referee, and he has reported that the charges were all proved.   When the proceedings came on for final order upon the report of the official referee, the respondent again charged that four members of this court, having been members of the Association of the Bar of the City of New York before their election to the bench, were disqualified from hearing the charges against the respondent.   That objection having been overruled, and the respondent having been given time to file briefs in opposition to the report of the official referee, of which he has failed to avail himself, the proceeding is now presented for final disposition.

The official referee in his report has fully set out the charges and the evidence to sustain them.   They are all conclusively proved.   We adopt the report of the official referee.   The conduct of the respondent, both in his treatment of his clients, which is detailed in the report of the official referee, and in this proceeding, when called to account, has demonstrated his unfitness to remain a member of the profession, and he is therefore disbarred.   All concur.