## FLETCHER v. DAINGERFIELD.

THE Act of March 2d, 1859, amending the Act of 1851, concerning attorneys and counselors at law, does not empower the District Court, or any other Court, to strike an attorney and counselor from the rolls, because the grounds of any motion he may make are not supported by the facts of the case.

Where the facts which are supposed to establish misconduct in an attorney are susceptible of explanation, showing them consistent with professional propriety, the District Court has no power to adjudge the attorney guilty of contempt, and to strike him from the rolls, without affording him an opportunity for explanation.

An attorney, by his admission as such, acquires rights of which he cannot be deprived at the mere *discretion* of a Court.

No Court can adjudge any man, whether counselor or layman, infamous; and to incorporate into an order pronouncing an attorney guilty of contempt an adjudication that he is infamous, is without precedent and wholly illegal.

CERTIORARI to the District Court of the Ninth Judicial District.

The relator, J. A. Fletcher, presented to the Supreme Court an affidavit in substance as follows: That in October, 1857, he was admitted as an attorney and counselor in the Supreme Court; that on the first day of October, 1860, in the District Court of the Ninth District, he moved for default, judgment, and assessment of damages in a suit therein pending, in which he was attorney of record for the plaintiff; that the presiding Judge of said Court overruled the motion and continued the cause for the term, and afterwards, on the same day, and without any accusation being in any manner preferred against the relator by any one, directed that his name be stricken from the roll of attorneys in said Court, and made the following order:

"IN THE MATTER OF J. A. FLETCHER, ATTORNEY AT LAW. Proceedings in contempt. Whereas, on the first day of October, 1860, a motion was being heard in open Court in the case of *Boles &* *Dain* v. *John Weifenbach* and another, which said motion is in the words and figures following: 'State of California, Siskiyou county. *Boles & Dain* v. *Weifenbach and Russell.* In the Ninth Judicial District Court, September term, A. D. 1860.

'Now comes the plaintiff and moves for default, and for judgment and assessment of damages; because—

'1st. Neither defendant has complied with the sixty-seventh

section of the Practice Act, or the thirteenth section of the rules of this Court, by payment of costs after demurrer overruled before answer.

' 2d. Neither has either of them filed any affidavit of merits, or any statement of grounds of defense, as required by the thirteenth rule before answer.

' 3d. Russell appeared and demurred by Fair & Cummings, attorneys, at the November term, 1859, since which there has been no substitution of attorney.

' 4th. John D. Cosby, a stranger to this suit, did on June 16th, 1860, (and after defendant Russell had made default) file an answer with the Clerk, which is without verification, and has not been served on plaintiffs or their attorney.

' 5th. Weifenbach did, on the eighteenth of June, file an answer which has not been served.

' J. A. FLETCHER, Plaintiffs' Attorney.'

" And whereas, on the hearing of this motion, proof of service was offered, and it was shown by the oath of F. C. Horsley and Jonas W. Brown, the former the Sheriff of Siskiyou county, and the other his under Sheriff, that service had been made on E. Steele, an attorney and counselor at law, practicing in this Court; and whereas, the said Steele being also examined as a witness under oath, swore that J. A. Fletcher had employed and authorized him to accept and receive service of these answers, or other papers in this suit (he, the said Fletcher, being about to absent himself from the county of Siskiyou) ; and whereas, the said Fletcher in open Court admitted that he had so authorized the service.

" Now, therefore, I, William P. Daingerfield, Judge of the Ninth Judicial District for the State of California, do declare the said J. A. Fletcher guilty of contempt to this Court and its officers, and adjudge him infamous, and as the judgment of this Court to be entered on the minutes thereof, order that the name of the said Josiah A. Fletcher, alias J. A. Fletcher, be stricken from the roll of practicing attorneys of this Court, and that he henceforth be denied any of the rights or privileges of an attorney and counselor in the Ninth Judicial District for the State of California.

" Done in open Court, this first day of October, 1860.

" WM. P. DAINGERFIELD, District Judge."

The relator prayed for a writ of certiorari to bring the proceedings of the District Court before the Supreme Court for review. Upon the affidavit the writ was issued, to which a return was made by the Clerk of the District Court containing a copy of the record of that Court as set forth above in relator's affidavit, and a certificate that it was a correct copy of the entire record of the proceedings in relation to the order adjudging the relator guilty of contempt, and striking him from the roll of attorneys.

*J. A. Fletcher, in pro. per.*

FIELD, C. J. delivered the opinion of the Court—COPE, J. and NORTON, J. concurring.

At a term of the District Court of the Ninth Judicial District, held in the county of Siskiyou, in October, 1860, the relator, who was at the time an attorney and counselor, moved the Court " for default, and for judgment and assessment of damages " in a certain action then pending between Boles and Dain, plaintiffs, and Weifenbach and Russell, defendants, basing his motion on various grounds; and among others, on the ground that one Cosby, a stranger to the action, had filed an answer, after default of Russell, one of the defendants, which was without verification, and had not been served on the plaintiffs or their attorney; and that Weifenbach, the other defendant, had also filed an answer which had not been served. On the hearing of the motion, it was proved that service of the answers had been made on another attorney and counselor of the Court by the name of Steele, who had been authorized by the relator to accept service of the same and of papers in the action, as the latter was about to absent himself from the county. The relator also admitted that he had given the authority. The Court thereupon made an order reciting the facts and declaring that the relator was guilty of a contempt to the Court and its officers, and adjudged him " infamous," and directed that his name be stricken from the roll of practicing attorneys of the Court. This order is brought before us for review.

The Act of March 2d, 1859, amending the Act of 1851 concern-

Fletcher *v.* Daingerfield.

ing attorneys and counselors at law, does not empower the District Court, or any other Court, to strike an attorney and counselor from the rolls, because the grounds of any motion he may make are not supported by the facts of the case. In the present case, the facts, as recited in the order of the District Court, are not inconsistent with the most perfect professional propriety. It does not appear from them that the relator had any knowledge of the service of the answers on his agent appointed to receive them; and he might very well have supposed that such service had not been made, or he would have been informed of it; and even if he had known of the service, he might have desired and been able to show its illegality. He might have contended, and perhaps successfully, that the authority to his agent to accept service was limited to answers filed within the statutory time. He might have contended also, that the authority delegated expired on his return to the county. And besides, the matter which gave offense might perhaps have been satisfactorily explained, if opportunity had been afforded the relator. No such opportunity was afforded, so far as the record discloses. The order appears to have been entered without the Court calling for any explanation from him. " It is hardly necessary to add," to use the language of Mr. Justice Bennett, " that a judgment thus rendered, partaking so strongly of the nature of a criminal proceeding, and so serious in its consequences, cannot be supported." (*People* v. *Turner*, 1 Cal. 150.) " An attorney," continues the same Justice, " by his admission as such, acquires rights of which he cannot be deprived at the *discretion* of a Court, any more than a physician of the practice of his profession, a mechanic of the exercise of his trade, or a merchant of the pursuit of his commercial avocations." (Id. 151.)

That portion of the order of the Court which adjudges the relator infamous, is without precedent and wholly illegal. No Court can adjudge any man, whether counselor or layman, infamous. It is true, infamy attaches to a conviction of certain public offenses; but it is the law and not the Court which fixes the taint. The Court only pronounces the judgment which the law authorizes, and the infamy follows. But this is a very different thing from a Court or Judge undertaking—where no felony is charged or indictment

found, or trial had—to fix upon an officer of the Court, or upon any other person, the charge of being infamous. No such power belongs to any Court or to any Judge.

The order is reversed and vacated.