## *Ex parte* CASHIN.

[90 South. 850, No. 22283.]

1. ATTORNEY AND CLIENT. *Citation to respondent giving reasonable notice is sufficient in disbarment proceedings.*

In a disbarment proceeding, the statutory requirement (section 3912, Code of 1906 [section 2919, Hemingway's Code]) that all process be issued and signed by the clerk is not applicable; the proceeding being *sui generis,* and the court already having jurisdiction of its officers, its attorneys, a citation signed by the judge in vacation which gives reasonable notice is sufficient for jurisdiction to. adjudge disbarment.

2. ATTORNEY AND CLIENT. *Court may prescribe method of procedure in disbarment proceedings.*

Where there is no prescribed method of procedure in disbarment, the court has the judicial power to determine the method, provided always there be given reasonable notice affording opportunity to be heard, and the cause be tried fairly, and without oppression or injustice.

3. ATTORNEY AND CLIENT. *Thirty days' notice held to be reasonable and due process in disbarment proceedings.*

Thirty days' notice is reasonable, is due process, and a determination of the issue by the judge in disbarment proceedings is the exercise of judicial power, and is not a denial of the right of trial by jury.

APPEAL from circuit court of Humphreys county.

HON. S. F. DAVIS, Judge.

Proceeding in the circuit court for the disbarment of J. M. Cashin, a member of the bar of Humphreys county. Judgment of disbarment was rendered, and J. M. Cashin appeals. Affirmed.

*J. M. Cashin,* for appellant.

It is respectfully submitted that the judgment herein is void for lack of jurisdiction of the person of the accused. The proceeding was instituted and the order that I be cited were not made or done by the court upon any information or proceeding of any kind pending in court, but the order was made by the judge in another county in the state, and at a time when the circuit court of Humphreys county was not in session. All this appears from the record.

In proceedings for the suspension of disbarment of an attorney, the practice is for the court, not a judge, to issue a rule or order upon the attorney, reciting the substance of the information or charges against him, and requiring him to show cause why he should not be suspended or disbarred. 4 Cyc. 913, and authorities cited in the notes on that page. By section 992, of the Code of 1906, judges in term time and vacation are authorized to issue or order the issuance of certain writs, but a writ, notice or citation to an attorney in a disbarment proceeding is not among those writs authorized to be issued by judges in vacation.

The powers of judges at Chambers in term and vacation are matters of statutory regulation, or are regulated by rules of court. The general rule upon this subject is that judicial business must be transacted in court, and any transaction of judicial business, out of court must be expressly authorized by statute. 17 Am. & Eng. Enc. of Law (2 Ed.) p. 724.

It is a fundamental principle that courts can exercise judicial functions only at such times and places as are fixed by law, and that the judges of courts can enter no orders in vacation except such as are expressly authorized by statute. *Blair* v. *Reading,* 99 Ill. 600.

Judicial acts of a circuit judge at Chambers must be either acts done out of court in a cause pending in court, or acts which the judge is specially authorized by statute to perform out of court. *Streeter* v. *Paton,* 7 Mich. 341.

128 Miss.—15

Judge DAVIS' order to me was not in reference to a case then pending in court, and not an order he was authorized by the statute to issue and is therefore entirely void.· Strictly judicial powers can only be vested in certain courts named in the constitution. The circuit courts as courts have such powers, but judges out of court merely as judges cannot exercise them. *Toledo, etc., R. R. Co.* v. *Dunlap,* 47 Mich. 456; see also, 23 Cyc. 543.

I again ask the attention of the court to the fact that when Judge DAVIS signed the order on July 15, 1921, there was no proceeding pending in the circuit court of Humphreys county, Miss., upon which said order could be based. It is true that the said order recites that said information had been filed in said court, but the record shows that it was not filed until the next day, July 16, 1921, where the conduct of disbarment proceedings is not regulated by· the statute, the practice is as stated in the last paragraph on the first page of this brief. *State* v. *Mosher,* · 103 N. W. 105. See, also, *State* v. *Kirk,* 95 Am. Sec. 314. In the case at bar Judge DAVIS not only issued a writ or order himself which he was not authorized by the statute to issue in any event merely as a judge, but issued that order in reference to a matter which was not then pending in any court.

I submit that under the law I was not required to pay any attention to such an order. I did not do so. So far as any authority to bind me by such an order is concerned, he had as well have sent a message·by Mr. Jones to come into court and answer the information. I take it that there is no question but that according to law a defendant in any legal proceeding is entitled to the notice prescribed by law; that is to say the notice prescribed by law in that particular proceeding, before his rights can be prejudiced by the judgment of any court. *Ex Parte Heyfron,* 7 How. 127; *Harris* v. *Connor,* 3 S. & M. 87; Sec. 3912, Code of 1906. See opinion of Justice FIELD in *Ex Parte Wall,* 107 U. S. 306; *Re Sittion,* 177 Pac. 555.

In view of the fact which I think is clearly established by the authorities that the court below acquired no jurisdiction in this matter, I respectfully submit that the judgment should be reversed and the proceeding dismissed.

*Jessie Jones,* for appellee.

In presenting this case to the court, it is probably well to remind the court of the essential nature of disbarment proceedings. This subject is discussed in 6 C. J., sec. 37, page 580. As to the common-law power of courts to disbar attorneys, 6 C. J., page, 582. In pursuance of its authority, the legislature of Mississippi has enacted a statute on this subject. This statute section 223, of the Mississippi Code of 1906, which is as follows: "If any attorney or counselor at law be in default of record, or otherwise guilty of any deceit, malpractice, or misbehavior, or shall wilfully violate his duties, he shall be stricken from the roll and disbarred, and his license revoked by any court in which he may practice; and such person shall never afterward be permitted to act as an attorney or counselor in any court in this state."

In this case we have a judgment of the circuit court, a court which had the right to hear the case, finding the respondent guilty of the conduct denounced in section 223, above quoted. Judgment itself recites all jurisdictional facts, and conclude by disbarring the respondent, which is the only judgment that could be rendered by the court under the section as above quoted, and under the decision of the supreme court of Mississippi in the case of *Barber* v. *State,* 72 So. 472.

Appellant relies for reversal of this cause on the ground that the information was presented to the circuit judge at a time when the Humphreys county court was not in session, but while he was holding court in Greenville, Mississippi. See Acts and Legislature with reference to time of holding courts, and citation issued at the same time. His contention being that he has never had any legal notice, and for that reason the court did not acquire jurisdiction of his person and the judgment of disbarment is

therefore a nullity. He cites in support of this contention, *Blair* v. *Reading,* 99 Ill. 600; *Streeter* v. *Paton,* 7 Mich. 341; *Ry. Co.* v. *Dunlap,* 47 Mich. 456. None of the above cases involve disbarment proceedings.

In the *Mosher case,* 103 N. W. 105, next cited by him, the court of its own motion on information received from the grand jury entered an order designating three members of the local bar to draw up and file charges against Mosher, and a part of the same order he was required to appear and answer on the first day of said term.

The court will notice in this case that the information which permitted the action of the circuit judge was that derived from third parties and not something which happened in open court, which is the distinguishing feature. As in the latter instance, the circuit judge may of his own motion disbar, while in the former, the attorney in default must be notified and have his day in court.

The next case cited by counsel is *State* v. *Kirk* (Fla.), 95 Am. Dec. 314. This case simply holds that: "Where it is intended to apply to the court to have an attorney disbarred, the proper course of proceeding is to present the evidence relied on to the court, and it will direct a rule to show cause to be entered if a case proper for the action of the court be presented. This rule is served and returned, and the court hears and determines the case according to law:" That is exactly what was done in the case at bar.

Courts have an inherent power to disbar attorneys and strike their names from the rolls independent of any statute on the subject. *State ex rel. Johnson* v. *Gebhardt,* 87 Mo. App. 572. For other cases to the same effect, see Decennial Edition of the Ann. Digest on Attorneys and Client, Key No. 36. (1)

A proceeding to disbar an attorney is neither a civil nor criminal action, but is a proceeding *sui generis,* the object of which is not the punishment of the offender but the protection of the court. *In re Davis,* 166 S. W. 341; *State* v. *Peck,* 88 Com. 447, L. R. A. 1915H. 663; *Re Bowman,* 7

Mo. ·App. 567; *In re Durant* (Conn.), 10 Ann. Cas. 542, citing *Barr* v. *Taylor,* 60 Conn. 11, and many other authorities.

Appellant seeks in his brief to hold a proceeding of this kind to the same strictness required in criminal and civil cases.   Although that is exactly what was done in this case, it is unnecessary.   As was well said in the case of *Thacher* v. *United States,* 212 Fed. 806: "Respondent's error lies in supposing that he is entitled to invoke the strict rules governing indictments and proof in criminal cases.   There is no such strictness.   No formal charging papers filed in court, preliminary to a rule to show cause are necessary."   *In re Brown,* 2 Okla. 595; Weeks on Attorneys at Law, 143, and other authorities; Ebbs, 17 Am. Cases 596; Whipple, C. J. In re Mills, 120 Mich. 393; *Ex Parte Smith,* 28 Ind. 47; *Fletcher* v. *Dangerfield,* 20 Cal. 427; *Matter of Ebbs,* 17 Am. & Eng. Ann. Cas.; *In Re Shepard* (Mich.), 67 N. W. 971; Weeks, Attorneys at Law, page 179; *Ex parte ˙Wall,* 107 U. S. 265, 27 Law. Ed. 552; *Randall* v. *Brigham,* 7 Wall, 523; *Ex parte Steinman,* 95 Pa. St. 220; *Re Woll,* 36 Mich. 299; Whipple, *In re Mills,* 1 Mich. 396.

From the above case, the court will readily see that the circuit judge not only had the authority to entertain the information and issue the citation, but it was his imperative duty to immediately do so that the public might be protected and the honor of the profession secured.   *State* v. *Ward,* 9 Ohio 42; *In re Thacher,* 190 Fed. 976; *Hess* v. *Conway,* 92 Kan. 797, 2 Q. B. 440; *Holmes* v. *Conway,* 241 U. S. 630; *In re Walkey,* 26 Cal. 161.

We especially call the court's attention to the case of *Ex parte Steinman and Hensel,* reported in 95 Pa., pages 221-225, in its applicability to the case at bar in treating on the conduct of the respondent as charged in the information in matters that transpired in the presence of the court, and we most respectfully submit that that of itself, is sufficient authority for an affirmance of this case.   *In re Sitton,* 177 Pac. 155.

We submit that the section of the Code with reference to the taking of the testimony does not require the taking of testimony unless specially requested by parties in interest, and it is now too late for him to complain, but on the other hand, his silence in not answering the information creates a presumption of his guilt and removes the possibility of any presumption of his innocence.

As was said by Judge STEELE in the case of *People ex rel. Colorado Bar Association* v. *Webster,* in 64 Pac. 207, 208, as follows: It was respondent's duty to explain to the court the entire transaction and to account in detail for the money received from his client. In cases of this character there is no presumption that the respondent is innocent, and unless, the respondent fairly and in detail explains to the court his entire connection with the transaction wherein he is charged with improper conduct, it will be presumed that he is unable to do so.

We most repectfully call the court's attention to the case of, *In re Hopkins,* 54 Wash. 569, 130 Pac. 805; also 1 Mont. 49 and 52 Pac. 611, and 779; *State Board* v. *Hart,* 15 Ann. Cases, 119; *Ex Parte Parks,* 93 Fed. 415; *Phillips* v. *Ballanger,* 37 App. D. C. 51; *State* v. *Rohrig,* 159 I. 736, 139 N. W. 912; *United States* v. *Robinson,* 19 Wall. 513, 22 U. S. —, U. S. Law. Ed. 205; *In re Macy,* 14 L. R. 848, 196 Pac. 1095; *Nelson* v. *Com. of Ky.,* L. R. A. (N. S.) 16 P. 272, 109 S. W. 337; *In re Recd,* L. R. A. (N. S.) 1916F. 394, Note. We see no error in the trial of the court below and request that the case be affirmed.

HOLDEN, J., delivered the opinion of the court.

This is a disbarment proceeding started before Judge DAVIS in the circuit court of Humphreys county to disbar the appellant, J. M. Cashin, a member of the bar of that county, by information presented by a committee of the county bar association. The information, in several different counts, charges the appellant with misbehavior and misconduct as an attorney, and seeks disbarment under

the statute (section 223, Code of 1906 [section 200, Hemingway's Code]).

The information was presented to the circuit judge and filed with the clerk in vacation. The judge issued a citation to the appellant commanding him to appear before the circuit court of Humphreys county at the next regular term to answer the charges presented and show cause why he should not be disbarred. The citation was signed by the judge, and not the clerk of the court, and was served, together with a copy of the charges in the information, by the sheriff more than thirty days before the appearance day. After service of the citation, and before the return day, appellant filed with the clerk a list of witnesses to be subpœnaed in his behalf.

When court convened, and the cause against appellant was called for hearing, he failed to answer or appear, and was not represented by counsel, but intentionally absented himself from the court, for which no excuse of fact was offered so far as this record shows. On the second day the cause proceeded to a hearing, and evidence was submitted to the court to sustain the charges set out in the information; whereupon a judgment of disbarment was rendered against the appellant, from which this appeal is prosecuted.

The appellant presents two points for reversal which merit consideration and discussion. They are:

First, that the court had no jurisdiction to render judgment against appellant in his absence, because he had no legal notice, in that, he was not served with a summons issued by the clerk as provided by statute (section 3912, Code of 1906 [section 2919, Hemingway's Code]), which reads as follows:

"The style of all processes shall be, 'The State of Mississippi,' and it shall not be necessary that any process bear teste in the name of any judge or of any term of the court, but all process, except where otherwise provided, shall be issued and signed by the clerk of the court, with the seal

of his office affixed, and shall bear date of the day on which the same shall be issued."

Second, that if a citation signed by a judge, instead of the clerk, is a lawful summons, then the citation in this case is void because it was issued by the judge in vacation, is not process issuing from a court, and appellant was not legally required to appear.

We have no statute prescribing the method of procedure in disbarment proceedings, nor have we any law imposing restrictions upon the courts as to the procedure to be adopted in such cases. Therefore we must look to the general principles and rules announced and followed by the courts of other jurisdictions, together with what little local law we have on the subject.

As to the first point made by appellant, we think the contention would be sound if this were an ordinary suit at law; but we are of opinion that the statute requiring that process in all cases be issued by the clerk does not apply to a disbarment proceeding, for the reason that a proceeding to disbar an attorney is neither a civil nor a criminal action, its purpose is not to punish, but to annul the right of the attorney to practice, which is for the protection of the court; and this is true even though the disbarment should incidentally result in the punishment of the attorney by depriving him of the right to practice.

It is a proceeding *sui generis*, on account of the relation of the attorney to the court; that is, he being an officer of the court, the judicial power lies with the court to proceed, for its own protection, to disbar upon a proper showing made, provided always that the attorney shall have reasonable notice of the charge in order that he may appear and defend, and so that the proceeding will be without oppression or injustice. The court already having jurisdiction of its attorneys, its officers, the citation by the judge was reasonable and sufficient notice to obtain jurisdiction to try appellant and disbar him.

In the case of *In re Durant*, 80 Conn. 140, 67 Atl. 497, 10 Ann. Cas. 539, the court said:

"The power to declare this forfeiture is a summary one inherent in the courts, and exists not to mete out punishment to an offendent, but that the administration of justice may be safeguarded and the courts and the public protected from the misconduct or unfitness of those who are licensed to perform the important functions of the legal profession. *Ex parte Bradley,* 13 Wall. (U. S.) 364, 374; *Fairfield County Bar* v. *Taylor,* 60 Conn. 11, 12, 22 Atl. 441; *Bar Assoc.* v. *Greenhood,* 168 Mass. 169, 46 N. E. 568; *Ex parte Brounsall,* 2 Cowper, 829.

"The action of the court in the exercise of this power is judicial in its character, but the inquiry made is 'in the nature of an investigation by the court into the conduct of one of its own officers, not the trial of an action or suit,' and the order entered is but an exercise of the disciplinary jurisdiction which it has over such officers. *Fairfield County Bar* v. *Taylor* [*supra*]; *Ex parte Garland,* 4 Wall. (U. S.) 333, 378; *In re Hardwick,* 12 Q. B. 148, 149. The real question for determination, in such proceedings, is whether or not the attorney is 'a fit person to be longer allowed the privileges of being an attorney.' *Fairfield County Bar* v. *Taylor,* 60 Conn. 11, 16, 22 Atl. 441. Into its determination there naturally and necessarily enters a large measure of judicial discretion. *Fairfield County Bar* v. *Taylor* [*supra*]; *Ex parte Burr,* 9 Wheat. (U. S.) 529, 530; *Ex parte Secombe,* 19 How. (U. S.) 9, 13; *Ex parte Wall,* 107 U. S. 265, 273, 2 Sup. Ct. Rep. 569; *In re Davies,* 93 Pa. St. 116, 121; *Miles* v. *Stevenson,* 80 Md. 358, 365 [30 Atl. Rep. 646]. This discretion, however, is not an absolute one, so that an attorney may be removed from the bar without notice of the charges against him and an opportunity to be heard, or so that the power of disbarment may be exercised arbitrarily, despotically or at the pleasure of the court, or from passion, prejudice, or personal hostility. The power is rather one to be used with moderation and caution, and the discretion one to be reasonably exercised. The attorney is, in other words, entitled to a fair hearing or opportunity to be heard, and a fair determination of

the question at issue, in the exercise of a sound judicial discretion. *Fairfield County Bar* v. *Taylor* [*supra*]; *Ex parte Secombe,* 19 How. (U. S.) 9, 13; *Ex parte Burr,* 9 Wheat. (U. S.) 529, 531; *Ex parte Garland,* 4 Wall. (U. S.) 333, 378; *Ex parte Bradley,* 7 Id. 364, 375.

"In the absence of 'prescribed regulations the manner of the proceeding, so that it be without oppression or injustice, is for the court itself to determine. *Fairfield County Bar* v. *Taylor* [*supra*]; *Randall* v. *Brigham,* 7 Wall. (U. S.) 523, 540."

As to the second ground urged for reversal, we think that, while, technically speaking, the summons should have been issued by the clerk, or the appellant should have been cited to show cause under a rule made by the court while in session, still it is our judgment that the citation issued by the judge in vacation, or in chambers, was sufficient notice to maintain jurisdiction to try the cause, for the reason that the attorney was an officer of the court, and in that sense the court already had jurisdiction over him. The rule in other jurisdictions seems to be that, where the essential requirement of notice has been complied with, the court is warranted in proceeding to a final hearing of the proceedings.

The court has the power to protect itself against an unfit attorney, an officer of the court, and may hear the charges in order to purge the roll of his name, upon reasonable notice given of the time of the hearing of the charges presented for disbarment, thus affording an opportunity to be heard. The exercise of the power of the court in hearing and determining whether the attorney shall be disbarred is not in contravention of the constitutional right of trial by jury. It is an exercise of judicial power in the regulation of the court's own officers, and to protect and preserve a clean and proper functioning of the tribunal.

In the case at bar the appellant was cited to appear and defend the charges against him more than thirty days before the return day. We think this was reasonable notice, was due process, and in this particular character of pro-

ceeding it was legal and sufficient to require the appellant to appear and answer the charges. The record discloses that the appellant was notified in ample time to appear and contest the proceedings, but for some reason not shown in the record he purposely declined to appear and make any defense in the cause. The testimony, we assume, being adequate to support the finding of guilt, we are of the opinion that the judgment of the court below should be affirmed. 2 R. C. L. 1086, 1103, 1104, 1106, 1107; 10 Ann. Cas. 542; 6 C. J. pp. 580-602, 604, 608.

In the *Matter of Ebbs,* 150 N. C. 44, 63 S. E. 190, 19 L. R. A. (N. S.) 892, 17 Ann. Cas. 596, the court said:

" 'If a good, moral character is indispensable to entitle one to admission to the bar, it is obvious that the necessity for its continuance becomes enhanced by the conflicts, excitements, and temptations to which the practitioner is daily liable. For his official misconduct there is no power of removal but in the court. This power is therefore at once necessary to protect the court, preserve the purity of the administration of justice and maintain the integrity of the bar. . . . It is a mistaken view of this subject, as the foregoing authorities show, to conclude that an attorney at law can only be disbarred for acts done "in his office as attorney" or "with the courts" in the term of his oath of office. On the contrary, an attorney may be guilty of disreputable practices and gross immoralities in his private capacity and without the pale of the court which render him unfit to associate with gentlemen, disqualify him for the faithful discharge of his professional duties, in or out of court, and render him unworthy to minister in the forum of justice. When such a case arises, from whatever acts or causes, the cardinal condition of the attorney's admission to the bar, the possession of a "good moral character," is forfeited, and it will become the solemn duty of the court, upon a due presentment of the case, to revoke the authority it gave the offending member as a symbol of legal fitness and moral uprightness, lest it should be exercised for evil or tarnished with shame.' Whipple, C. J., in *Re Mills,* 1

Mich. 393, says: 'Should this court, after being officially advised that one of its officers has forfeited the good name he possessed when permitted to assume the duties of his office, still hold him out to the world as worthy of confidence, they would, in my opinion, fail in the performance of a duty cast upon them by the law. It is a duty they owe to themselves, to the bar, and to the public to see that a power which may be wielded for good or for evil is not intrusted to incompetent or dishonest hands. The extreme judgment of expulsion is not intended as a punishment inflicted upon the individual, but as a measure necessary to the protection of the public, who have a right to demand of us that no person shall be permitted to aid in the administration of justice whose character is tainted with corruption.' *Ex parte Smith,* 28 Ind. 47; *Fletcher* v. *Daingerfield,* 20 Cal. 427."

<div align="right">

*Affirmed.*