In Re Petition For Disbarment of Lee V. Prisock

No. 42323 June 4, 1962 141 So. 2d 715

July 10, 1962 143 So. 2d 434

*Forrest B. Jackson,* Jackson, for appellant.

*Rufus Creekmore, Clifford C. Chittim, Thomas H. Watkins, Robert G. Nichols, Roger C. Landrum,* Jackson, for special committee appointed by Chancery Court.

McGEHEE, C. J.

On November 9, 1961, the above-styled cause was heard on petition and proof before the Chancellor of the First Judicial District of Hinds County, Mississippi, Stokes V. Robertson, Jr., after a Special Committee of members of the Hinds County Bar had been appointed by the court to investigate any complaints in regard to the professional conduct of appellant and other members of the local bar, and with the result that the committee reported to the chancellor and recommended the disbarment of appellant, Lee V. Prisock, on account of alleged unprofessional conduct in his capacity as an attorney.

The specifications of the petition as grounds for his disbarment were as follows:

(1) That on June 1, 1960, he conspired with a certain Boyd Joiner and others to cause an automobile collision for the purpose of defrauding an insurance company; that in furtherance of this scheme, he planned, aided and abetted the said Joiner and others in carrying out the scheme to the point of having two automobiles collide; and that with full knowledge that the collision was intentionally caused, and the injuries complained of were nonexistent, he thereafter filed suit on such false claim in order to compel the payment of money by the insurance company.

(2) That on or about June 26, 1961, he again conspired with the said Boyd Joiner and others to cause an automobile collision for the purpose of defrauding an insurance company; that he planned, aided and abetted Joiner and others in carrying out the said scheme of having the two automobiles collide and feign injuries therefrom, all for the purpose of forcing payment of money by the insurance company.

(3) That on or about May 27, 1961, he conspired with certain Howard Brock Zeagler and others to cause an automobile collision for the purpose of defrauding an insurance company; that he planned, aided and abetted said Zeagler and others in causing the two automobiles to collide and to feign injuries therefrom; and that with full knowledge that the collision was intentionally caused and the injuries complained of were nonexistent, he brought suit on said false claim in order to force payment of money by an insurance company.

The proof offered by the Special Committee appointed by the chancellor in presenting these charges of unprofessional conduct of the accused in his capacity as an attorney was in substance that in each of said instances, there was a conference held in the office of the accused when it was agreed and understood as to who the driver would be of the respective cars to be collided, the occupants of the cars respectively, and the injuries to be claimed by each of them as plaintiffs in the suit against the respective insurance companies who had issued liability insurance on the automobiles involved respectively; that contracts were entered into between the proposed plaintiffs and the accused in each instance as to what part of the proceeds of the insurance he was to receive as compensation for his legal services, and that the accused arranged with a doctor in advance of the feigned accidents to meet the plaintiffs at the hospital, administer treatment to them and determine how long each was to remain in the hospital.

The proof as to the foregoing facts and circumstances, and that substantial sums of money were collected in the suits, as introduced by the Special Committee of the local bar of Hinds County, was wholly undisputed. The accused made in effect only a plea of nolo contendre as to the truth of the testimony supporting the foregoing charges. He did plead as a defense to the petition for his disbarment by the chancery court that he had been previously indicted and convicted in the Circuit Court of Hinds County on August 10, 1961, for a felony and sentenced to serve a term of three years in the state penitentiary, and that pursuant to the provisions of Section 8667, Miss. Code of 1942, Rec., he had been disbarred as an attorney. He therefore urged that the chancery court hold the proceedings filed therein by the Special Committee of the Hinds County Bar for his disbarment in abeyance until his conviction of the said felony and automatic disbarment in the said cause in the circuit court could be finally disposed of on the appeal to this Court, now being Cause No. 42,231, on our docket.

The chancellor overruled this request of the accused and proceeded to hear the proof in support of the foregoing enumerated charges, and at the close of the hearing, the chancellor entered a decree disbarring the accused from practicing law, either directly or indirectly, in any of the courts of this State.

■■ ■ We think that it was within the discretion of the chancery court to either proceed with the hearing of the petition against the accused as filed by the Special Committee of the local bar or to hold the proceeding in abeyance pending the outcome of the appeal from the previous conviction of the accused in the circuit court for the felony with which he was charged. In the exercise of his discretion, the chancellor was confronted with the situation that the accused could appeal the conviction in the circuit court for felony, and that he could

do so with supersedeas and continue the practice of law in the meantime, but the chancellor also had the right to proceed with the proceeding filed by the Special Committee of the local bar in the chancery court, where an appeal could be granted, either with or without supersedeas, under the authority of the chancellor or a member of this Court. Moreover, the proceeding in the chancery court was instituted and conducted as a civil proceeding by the Special Committee of the local bar appointed by the chancellor, and the proceeding in the circuit court in the felony case was a criminal proceeding in the name of the State and the conviction could have been appealed from as a matter of right with supersedeas.

 We find that no reversible error was committed by the chancellor in exercising his discretion in proceeding to judgment in the case pending in this Court, and we find that the testimony in support of the charges preferred by the Special Committee of the local bar was wholly undisputed, that therefore the proof was ample to sustain the truth of the charges preferred and to warrant the disbarment of the accused; and that therefore the decree appealed from must be affirmed.

Affirmed.

*Kyle, Arrington, Ethridge* and *Gillespie, JJ.,* concur.

## ON SUGGESTION OF ERROR

ETHRIDGE, J.

On August 10, 1961, appellant Lee V. Prisock was convicted of a felony and sentenced to serve three years in the state penitentiary. Under Miss. Code 1942, Rec., Sec. 8667, the court in which an attorney is convicted of a felony is required to enter an order disbarring him from the practice of law. The judgment in the criminal case did that. It was affirmed by this Court on June 4, 1962. Prisock v. State, No. 42,231.

About three months after Prisock's conviction, and while it was on appeal, a committee of the Bar filed in the Chancery Court of Hinds County the present petition to disbar him, alleging three instances of automobile wrecks fraudulently staged by him and others for the purposes of obtaining insurance money and damages. One of these events was that for which appellant was convicted in the above-stated criminal case, with the judgment of disbarment. The other two events alleged in the petition did not pertain to the charges in the criminal case. Defendant neither admitted nor denied the averments of the petition, and therefore in effect admitted them. Miss. Code 1942, Rec., Sec. 1291; Griffith, Miss. Chancery Practice (2d Ed. 1950), Secs. 353, 348, 350, 351.

Prisock pleaded that the judgment of disbarment in the criminal case deprived the chancery court of jurisdiction in this petition to disbar him; that only one disbarment judgment could be entered against him; that the matter of disbarment in this suit had become a "moot question"; and therefore this cause should be held in abeyance pending decision on appeal in the criminal case, which he contended could be the sole and only disbarment judgment against him. The chancery court overruled these jurisdictional pleas. Defendant made no objection to the offer in evidence of sworn statements of witnesses attached as exhibits to the petition, and offered no evidence on the issues. Hence the trial court found that all of the charges were sustained by the evidence. Its decree disbarred appellant from the practice of law in this state.

Our original opinion correctly held that it was within the sound discretion of the chancery court either to proceed with this petition or to hold it in abeyance pending outcome of the appeal from the criminal conviction; and the chancellor did not abuse his discretion in going ahead with it. The charges were "wholly undisputed."

The evidence unquestionably sustains that conclusion. However, the suggestion of error contends again that the chancery court abused its discretion, because appellant had already been disbarred in the judgment entered in the criminal action; and one cannot be twice disbarred for the same offense.

■■■ It is pertinent here to examine that argument. Its fallacy lies in a misconception of the nature of a disbarment proceeding. It is neither a civil nor a criminal action, strictly speaking. It is a special proceeding, peculiar to itself, disciplinary in nature, and of a summary character, resulting from the inherent power of the courts over their officers. Its purpose is not to punish, but to protect the courts and the public. Ex parte Cashin, 128 Miss. 224, 90 So. 850 (1922); 7 C.J.S., Attorney and Client, Sec. 28. Nevertheless, in general terms a disbarment proceeding is of the nature of a civil rather than a criminal action. Ex parte Redmond, 156 Miss. 439, 125 So. 833 (1930); 7 C.J.S., Attorney and Client, Sec. 28. It is designed to determine the fitness of an officer of the court to continue in that capacity, and to preserve and protect the courts of justice and the public from persons unfit to practice law.

■■■ Automatic disbarment under Code Sec. 8667 is a part of the punishment for the commission of a crime. Ex parte Crisler, 159 Miss. 247, 132 So. 103 (1931), to that effect, held that a full pardon by the governor absolves an attorney from the consequences of an order of disbarment made under the statute. Manifestly, the present action was intended by appellees to effectuate a disbarment not dependent on a criminal conviction and on the statute, but based squarely on the court's inherent power to control its own officers. In Re Higgins, 194 Miss. 838, 13 So. 2d 829 (1943).

■■■ This distinction is generally recognized. Where the misconduct of an attorney falls within the sphere of his official duties, it is no objection to disbarment

proceedings that an indictment is pending against him for the same misconduct. Anno., 76 A.L.R. 674 (1932); 5 Am. Jur., Attorneys at Law, Sec. 282. Some courts distinguish between offenses committed by the attorney as an individual, and those committed by him as an attorney. They hold that when the offense for which a criminal charge is pending was committed by the attorney in his private character, disbarment proceedings for the same misconduct should await termination of the criminal charges. However, if the criminal charges fall within the sphere of his official duties, as they do in the instant case, the pendency of criminal charges is no objection to separate disbarment proceedings. *Ibid.,* Sec. 282. Moreover, the present suit includes two additional charges not involved in the criminal case.

Furthermore, the fact that an attorney has been convicted of a felony, resulting in automatic disbarment under Code Sec. 8667, does not preclude separate disbarment proceedings to determine the fitness of an officer of the court to continue in that capacity. Such proceedings are not punishment, but protect the administration of justice. See 7 C.J.S., Attorney and Client, Sec. 21b. In short, where the conduct of an attorney falls within the sphere of his official duties, as here, the court may proceed against him without awaiting the results of a criminal prosecution, or the determination of the validity of a criminal conviction then pending on appeal.

A final judgment of conviction does not preclude separate disbarment proceedings against an attorney, where his conduct affects his moral character and capacity as a lawyer. The rule of sound judicial discretion is one of propriety, and not of power. Anno., 90 A.L.R. 1111 (1934).

The correctness of this conclusion is further supported by two generally recognized propositions: The granting of a pardon to an attorney convicted of a crime

does not prevent the court having jurisdiction from disbarring him because of the acts upon which the conviction was based. This is the usual rule, although a decision on it was pretermitted in Ex parte Crisler, 159 Miss. at 251; Anno., 143 A.L.R. 172, 173, 179 (1943). ██ And the acquittal of an attorney in a prosecution for criminal acts constitutes no bar to an adjudication in disbarment proceedings based upon the same acts or the conduct involved in them. Anno., 123 A.L.R. 779, 780 (1939).

Suggestion of error overruled.

*McGehee, C. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.