SMITH, Justice:
Travis T. Vance, Jr., an attorney at law, was indicted for grand larceny, a felony, in *91 the Circuit Court of Warren County. Upon a plea of guilty he was convicted of that offense and sentenced to serve a term of imprisonment of four years and, in addition, as part of the sentence, was disbarred, as provided by Mississippi Code 1942 Annotated section 8667 (1956). No appeal lies from a conviction based upon a plea of guilty and, as of this date, Vance has not been pardoned.
Slightly more than a year after his conviction, a Committee of the Bar was appointed by the Chancery Court of Warren County to prosecute disbarment proceedings against Vance. Such proceedings were duly prepared, filed and heard and resulted in the entry of a decree disbarring Vance. The present appeal is from that decree.
It is contended on behalf of the appellant that the chancery court was without jurisdiction of the proceedings since the sentence imposed upon him following his conviction effectively prevents his engaging in the practice of law. Therefore, it is argued, since he no longer is an attorney at law he cannot be subject to disbarment.
A similar question was raised in the case of In re Petition for Disbarment of Prisock, 244 Miss. 417, 141 So.2d 715 (1962), suggestion of error overruled, 244 Miss. 427, 143 So.2d 434 (1962). In Prisock’s case, Prisock’s conviction was on appeal to this Court when the disbarment proceedings against him were begun. The conviction was later affirmed, but this feature of the Prisock case is said to distinguish it from the present case and to render inapplicable here the conclusions there reached.
In Prisock, supra, after the affirmance of his disbarment and upon review of the case on suggestion of error, this Court said:
A final judgment of conviction does not preclude separate disbarment proceedings against an attorney, where his conduct affects his moral character and capacity as a lawyer. The rule of sound judicial discretion is one of propriety, and not of power. Anno., 90 A.L.R. 1111 (1934).
The correctness of this conclusion is further supported by two generally recognized propositions: The granting of a pardon to an attorney convicted of a crime does not prevent the court having jurisdiction from disbarring him because of the acts upon which the conviction was based. This is the usual rule, although a decision on it was pretermitted in Ex parte Crisler, 159 Miss. 247 at 251, 132 So. 103; Anno., 143 A.L.R. 172, 173, 179 (1943).
(244 Miss. at 426-427, 143 So.2d at 437).
As already noted, upon the indictment of an attorney upon a charge of felony, Mississippi Code 1942 Annotated section 8667 (1956) provides that, as part of the sentence upon conviction, he may be disbarred. Under section 1150, if the conviction rests upon a plea of guilty, no appeal may be taken and thus a degree of finality attaches. Notwithstanding this, there are available certain post-conviction remedies whereby the validity of the plea and conviction may be tested, and a judicial rehearing may be had in certain circumstances. But, if the view should be adopted that the conviction and sentence have passed beyond the scope of judicial review, it must be conceded, nevertheless, that the convict is not without remedy through executive clemency. A pardon by the governor “absolves an attorney at law from all the consequences of an order of disbarment made under the statute” as part of a sentence on conviction. See Ex parte Crisler, 159 Miss. 247, 132 So. 103 (1931).
Thus, while the bar to engaging in the practice of law imposed as part of a sentence following a felony conviction is effective for that purpose, an executive pardon would remove the disability completely. As noted in Prisock, it is for the judiciary to police the Bar and to pass upon the fitness of its members. For that purpose, appropriate proceedings are autho *92 rized for the removal of those members of the Bar whose character and behavior make them demonstrably unfit. Mississippi Code 1942 Annotated section 8716 (1956). This duty rests with the judiciary and should never be shifted to the executive branch of the government. Where the disbarment of an attorney consists merely in a sentence imposed upon him in criminal proceedings, the circuit and chancery courts are not deprived of jurisdiction to entertain and act upon disbarment proceedings against him. They may, notwithstanding the judgment and sentence in the criminal case exercise their inherent power in this area so as to place the result beyond the reach of executive clemency.
The evidence adduced in the proceedings brought against Vance amply supports the decree entered by the chancery court disbarring him as an attorney at law. We find no error in the record and the decree appealed from must be affirmed.
Affirmed.
GILLESPIE, C. J., and ROBERTSON, SUGG and BROOM, JJ., concur.