361 So.2d 503 (1978)
In the MATTER OF (1) a Special Annual Assessment of Attorneys Admitted to this Court, (2) a Miscellaneous Docket Fee, (3) the Award of Costs and Expenses, (4) Imposition of an Investigative Fee and (5) Collection Thereof for Operation of Disciplinary Procedures and Agencies, MISSISSIPPI STATE BAR, Petitioner.
Misc. No. 844.
Supreme Court of Mississippi.
August 9, 1978.
*504 Elzy J. Smith, Jr., Clarksdale, President of the Mississippi State Bar Ass'n, on behalf of the Mississippi State Bar Ass'n.
EN BANC.
PATTERSON, Chief Justice, for the court:
The order in this cause of August 9, 1978, is adopted as the opinion of the Court to be published as are other formal opinions.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.

ORDER
This cause came on for hearing upon the Petition of the Mississippi State Bar, called hereafter the Bar, in which the Bar prayed for the following relief:
(1) A special annual assessment to be imposed upon each dues-paying member of the Mississippi State Bar for purposes of financing the disciplinary activities and agencies described in section 73-3-301, et seq., Mississippi Code Annotated (Supp. 1977).
(2) A miscellaneous docket fee to be imposed upon each Formal Complaint filed by the Mississippi State Bar with the Clerk of *505 the Supreme Court, said fee to be paid in advance by the Mississippi State Bar and to be recoverable as costs of court as justice and the circumstances of each case may require.
(3) The award of costs and expenses of the Bar connected with litigation of any Formal Complaint as justice and the circumstances of the case may require.
(4) The imposition of an investigation fee upon any attorney disciplined by the Committee on Complaints in an amount not less than Ten Dollars ($10.00) and not more than the actual and reasonably necessary expenses of the investigation.
(5) Collection of items (1) through (4) above as additional Bar dues or in cases of disbarment or suspension as an additional reinstatement fee.
Having heard argument and being advised in the premises, the Court hereby finds as follows:
1) This Court is vested with exclusive and inherent disciplinary jurisdiction over attorneys admitted to practice or otherwise practicing law in Mississippi by its inherent powers as recognized by section 73-3-301 Mississippi Code Annotated (Supp. 1977).
2) Section 73-3-373 Mississippi Code Annotated (Supp. 1977) acknowledges that the courts of this State have the inherent power to supervise the Bar as an incident to their power to admit attorneys to practice, and recognizes that the judicial branch of government has the inherent power to determine the qualifications of those to be admitted to the practice of law in this state.
3) The inherent rights and powers set forth above are established by other authority including, a) the Mississippi Constitution of 1890, sections 1, 2 and 144, which, respectively, provides separate and distinct departments of government, prohibits one department's exercise of powers properly belonging to another department, and vests the judicial power in this Court and other constitutionally established courts, and b) former decisions of this Court, ex., In re Steen, 160 Miss. 874, 134 So. 67 (1931), Ex Parte Brown, 1 How. 303, Ex parte Cashin, 128 Miss. 224, 90 So. 850 (1922), In re Higgins, 194 Miss. 838, 13 So.2d 329 (1943), and In re Fox, 296 So.2d 701 (Miss. 1974).
4) By act of the Legislature, certain agencies were established, made available and designated for purposes of assisting this Court in the administration of its exclusive and inherent disciplinary jurisdiction, which agencies this Court hereby adopts and accepts for that purpose; namely, as provided by section 73-3-303 Mississippi Code Annotated (Supp. 1977), the Board of Commissioners of the Bar, including the Bar's Executive Director and the Complaint Counsel, the Bar's Committee on Complaints, and Complaint Tribunals appointed by this Court.
5) The Board is by statute the governing body of the Bar and is by statute granted certain powers and made subject to Bylaws, not conflicting with statute, which the Bar's membership may adopt [See sections 73-3-101, et seq., Mississippi Code Annotated (Supp. 1977)].
6) However, the Board is an agency of this Court for disciplinary purposes, and when it acts within that agency, it acts for this Court in a function separate and distinct from that of the governing body of the Bar.
7) As an agency of this Court, the Board authorized, empowered and directed the President of the Bar to petition this Court for the relief as requested and above set out.
8) The Court has jurisdiction of this cause.
9) The Bar presently derives its funds from dues fixed by statute from which has come the money necessary to discharge the Board's disciplinary agency on behalf of this Court.
10) The Board, by use of Bar funds, i.e., dues, has until this time discharged that agency, but due to the increasing number of complaints and the rising costs of all matters necessitated by the discharge of that agency, the Board cannot continue to do so *506 on the funds made available by the collection of dues without grave and imminent danger to both the discharge of that disciplinary agency and the other good and proper duties and functions of the Bar which the dues were also intended to support.
11) This Court's duty to protect itself, the judiciary, and the citizens of this State from persons unfit to practice law [section 73-3-373 Mississippi Code Annotated (Supp. 1977)] should not be hampered by the absence of adequate financing to do the job, and the ability to secure such financing should not be dependent upon the will of a department or entity other than the entity upon which the ultimate burden rests, namely, this Court.
12) It is the duty of this Court to assure such financing so its agencies can properly and meaningfully discharge the "jurisdiction and lawful powers as are necessary to conduct a proper and speedy disposition of any complaint" as granted by section 73-3-307 Mississippi Code Annotated (Supp. 1977).
13) The petition of the Bar was held in abeyance by this Court until the members of the Mississippi State Bar could be polled on the question of the relief sought by the Bar in its pending petition. After notice to all members of the Bar, the question was submitted to the membership on June 10, 1978, at the annual meeting of the Mississippi State Bar Association which resulted in eighty-one members voting in favor of the relief requested in the petition with three voting against the relief requested.
THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED as follows:
A) The Board may impose a special annual assessment upon each dues-paying member of the Bar for purposes of financing the disciplinary activities and agencies described in section 73-3-301, et seq., Mississippi Code Annotated (Supp. 1977). The special assessment shall not exceed TWENTY FIVE DOLLARS ($25.00) per member for the Bar's fiscal year beginning June 1, 1978. The special assessment shall be reviewed by this Court at the end of the fiscal year which ends May 31, 1979, at which time the Bar will furnish this Court a statement showing detailed receipts and disbursements of the Bar for the fiscal year then ended. On the basis of this statement and any other information which the Court may request, determination shall be made of the necessity for continuation of the special assessment and the amount thereof.
B) The Bar shall pay unto the Clerk of this Court a miscellaneous docket fee in the amount of FIFTY DOLLARS ($50.00) upon the filing of each Formal Complaint to defray the Clerk's costs of handling the records of Formal Complaints. The fee may be recovered by the Bar as costs of court, upon order of the Complaint Tribunal, as justice and the circumstances of each case may require.
C) The Complaint Tribunal may award unto the Bar, as costs of court, the costs and expenses of the Bar connected with the litigation as justice and the circumstances may require. The costs and expenses shall be itemized, filed of record, and tendered to the accused attorney within ten (10) days after the decree of the Complaint Tribunal becomes final. The accused may controvert any item claimed as costs or expenses within ten (10) days after receiving a statement of the costs and expenses.
D) Upon appeal of any decree of a Complaint Tribunal, this Court may award unto the Bar, as costs of court, such additional costs and expenses of the Bar connected with the appeal as justice and the circumstances may require. The additional costs and expenses shall be itemized, filed of record, and tendered to the accused attorney within ten (10) days after the decree of this Court becomes final. The accused may controvert any item claimed as additional costs and expenses within ten (10) days after receiving a statement of the costs and expenses.
E) The Committee on Complaints shall impose upon any attorney disciplined by it an investigation fee of not less than TEN DOLLARS ($10.00) and no more than the actual and reasonably necessary expenses *507 of the investigation, said bill of expenses to be itemized and tendered to the attorney prior to or at the time discipline is imposed; or, if the matter is referred for the filing of a Formal Complaint, said bill of expenses shall be incorporated therein and when so incorporated upon affidavit from the Bar's Executive Director, the itemization shall be prima facie as to the amount due and may be allowed in whole or in part as provided by the foregoing Paragraphs (C) and (D).
F) The Executive Director of the Bar shall immediately collect the assessment for fiscal year 1978-1979, and failure to pay same shall be grounds for suspension from the practice of law upon notice given by the Executive Director in the same manner of notices relating to the failure to pay dues.
G) The Executive Director of the Bar shall receive and keep all funds provided for by Paragraphs (A) through (F) hereof in a separate, distinct and special disciplinary account, or accounts, and if possible, in an interest drawing account, and said funds shall be used exclusively for the disciplinary activities and agencies above mentioned.
H) Not less than once per year, the Board shall, by and through the President of the Bar, report on the financial condition of the agencies hereby funded, which report shall be made to this Court first in writing and then thereafter as requested by the Chief Justice if the Court deems such further report necessary or desirable.
ORDERED, ADJUDGED AND DECREED this 9th day of Aug., 1978.