FAIRFIELD COUNTY BAR *vs.* HOWARD W. TAYLOR.

New Haven & Fairfield Cos., Oct. T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS and SEYMOUR, Js.

Courts can as a general rule fine an attorney for a transgression of their rules and can forbid him to appear before them, but the Superior Court alone has power to order the suspension or disbarment of attorneys.

There is no statute or usage authorizing an appeal from an order of the Superior Court suspending or disbarring an attorney.

Certain attorneys, appointed a committee by a county bar to present to the Superior Court the case of an attorney of the county who had been guilty of a gross violation of professional duty, made a presentment of the case to the court. Held that there was no necessity of proof of their appointment as a committee of the bar, as any member of the bar had a right, and it was his duty, to bring such a case to the attention of the court.

A judgment had been obtained against the attorney by a party whom he had defrauded. Held that this judgment, even under strict rules of law, would have been admissible in support of the allegation of the presentment that it existed; but that the hearing of the case was not a trial in the ordinary sense, and was not governed by the ordinary rules with regard to the admission of evidence.

Upon the facts proved, and which showed a very aggravated case of professional misconduct, it was held that the court below properly rendered a judgment of disbarment and not of mere suspension.

[Argued November 5th, 1890—decided January 7th, 1891.]

COMPLAINT by a committee of the Fairfield County Bar, against the defendant, an attorney-at-law of that county, made to the Superior Court for that county, charging the defendant with fraudulent conduct as an attorney, and asking for his disbarment. The case was heard by *Fenn, J.,* a finding of the facts was made, and a decree passed disbarring the defendant and forever prohibiting him from practising law in the state. The defendant appealed to this court.

*H. S. Sanford,* for the appellant.

*S. Fessenden* and *G. W. Wheeler,* with whom was *J. C. Chamberlain,* for the appellees.

ANDREWS, C. J. The appellant was an attorney-at-law residing in Danbury and practising in Fairfield County. He was displaced from being an attorney by an order of the Superior Court in that county made on the 13th day of May, 1890. From that order he has appealed to this court.

Section 704 of the General Statutes provides as follows:—" The Superior Court may admit and cause to be sworn as attorneys such persons as are qualified therefor, agreeably to the rules established by the judges of said court; and no other person than an attorney so admitted shall plead at the bar of any court in this state, except in his own cause; and said judges may establish rules relative to the admission, qualifications, practice and removal of attorneys."

Section 785 provides that—" attorneys admitted by the Superior Court shall be attorneys of all courts, and shall be subject to the rules and orders of the courts before which they act, which may fine them for transgressing any such rule or order, not exceeding one hundred dollars for any offence, and may suspend or displace them for just cause."

As is seen from these sections the Superior Court alone has power to admit persons to be attorneys-at-law, and the persons so admitted are attorneys in all the courts of the state. Any other court than the Superior Court may fine an attorney for transgressing its rules and doubtless has the power to forbid him from appearing before it; but only the Superior Court can make an order of total suspension or displacement. In the absence of specific provisions to the contrary, the power of removal is, from its nature, commensurate with the power of appointment.

There is no statute authorizing an appeal from an order by the Superior Court suspending or displacing an attorney. Nor so far as we are able to learn, is there any usage permitting it. Such orders have been made many times in the

Fairfield County Bar *v.* Taylor.

Superior Court, and this is the first instance in which any attempt has been made to take an appeal from one of them to the Court of Errors.

Such an order, although it is a judicial act, has in it so much that is of a discretionary nature as to suggest great difficulties in an appeal. It is a discretion, too, that ought to be exercised with great moderation and care. But sometimes it must be exercised, and no other tribunal can decide in a case of removal from the bar with the same measure of information as the court itself. A revising tribunal, if there be such an one, would feel the delicacy of interposing its authority, and do so only in a plain case. In this case all objection to the appeal is expressly waived, and apparently with the approval of the judge of the Superior Court who made the order. We have therefore concluded to examine it.

The case is this :— Certain attorneys practising in Fairfield County, describing themselves to be a committee of the bar of that county, made a presentment to the Superior Court in that county, in the form of a complaint, therein charging the appellant with fraud and with other unprofessional conduct; and that he had been sued by Margaret and David Sprague, who claimed to have been his clients, and that in a matter concerning which they had asked and followed his professional advice he had defrauded them out of a large sum of money ; that a trial had been had before the Superior Court in that county at a former session, and a judgment rendered in favor of the said Spragues to recover of the appellant the sum of $2,238.75, for such fraud. A copy of the entire record in that case, the complaint, pleadings, finding of facts, and judgment, was attached to and made a part of the presentment so made by them.

Upon that presentment the Superior Court made an order of notice to the appellant, requiring him to appear on a day named to make answer thereto. On the day so named the appellant did appear with counsel, made an answer denying all the material allegations of the presentment, and was fully heard.

At the hearing the attorneys who had preferred the charges appeared to prosecute them. They offered a duly certified copy of the record, a copy of which had been set out in and made a part of their charges, and also the testimony of witnesses to prove the charges they had made, and also the truth of the things averred in the complaint of the said Daniel and Margaret Sprague. The appellant was also fully heard in his exculpation. All the evidence he offered was received without objection, and the matter was argued at length in his behalf by counsel. The court made a finding of facts and rendered a judgment that the appellant be disbarred and forever prohibited from practising law before the courts of this state.

At the commencement of the hearing the committee who had made the charges proposed to offer evidence of their appointment as a committee of the bar, and for that purpose had the records of the bar in court, and so stated. The court ruled that such evidence was not required, but that the court would recognize the persons named, they being known to the court as members of the bar, as proper persons to prefer the charges and to present the matter therein contained to the court. This ruling was objected to and is the first reason of appeal. There is no force in the objection. While it would have been well enough, perhaps, to have received that record, it would have been wholly without significance. It was the duty of the attorneys, if they knew of unprofessional conduct by the appellant or any other attorney, to bring it to the attention of the court. An appointment by the bar, to do that which it was their duty to do without any appointment could give them no added authority. Nor was any such appointment necessary to give the court jurisdiction. The court might summon the appellant to a hearing upon any information it had that it deemed worthy of credit, whether it came from lawyers or laymen. The manner in which the proceeding should be conducted, so that it be without oppression or injustice, was for the court itself. *Ex parte Wall*, 107 U. S. R., 265.

The appellant also objected to the record of the case

brought by Daniel and Margaret Sprague against him being read, and further objected to the finding of the facts therein as not being a part of the record. It is to be observed that the finding of the facts in that case is made a part of the record by the order of the judge who heard the cause. There has been among the statutes of the state ever since 1864 a provision that a finding of facts may be made a part of the record by such an order. Acts of 1864, ch. 49, page 67. This provision may be found in the revision of 1875 at page 444, sec. 9. It is in substance reproduced in the Practice Act, (Acts of 1879, page 439, sec. 30,) and is now section 1111 of the General Statutes of 1888. The objection to the record as a whole is that it was between other parties—*res inter alios acta.* This objection has in it a tinge of sophistry. It turns aside from the purposes for which the hearing was had. It was an investigation by the court into the conduct of one of its own officers, not the trial of an action or suit. Neither the whole bar of Fairfield County nor its committee were parties to an action in any proper sense. They were not prosecuting any matter of their own. They were not plaintiffs. They were performing their sworn duty to the court by bringing to its knowledge the misdoings of one of its agents. But if that committee be regarded as a party, and applying the strictest technical rule, the record was admissible. One of the averments of the complaint was the existence of a certain record. That averment was denied. On such an issue the plaintiffs might surely offer the best possible evidence there could be of the truth of their allegations. The existence of such a record as was averred in the complaint was proved by the production of a copy. For that purpose the whole record was admissible. And it does not appear to have been offered or used for any other purpose. The court seems to have been careful to limit it to its proper effect. All the other parts of the case were proved by other and appropriate evidence.

It is true that the charges contained in the present complaint are substantially the same as those contained in the Sprague complaint. They go over the same ground, and

their truth or falsity was involved in this investigation. To prove them the evidence of witnesses was offered and received, and the finding of the court in this case is based exclusively on their testimony. But these charges did not contain the whole issue. The ultimate question lay beyond them. The real question was whether or not the appellant was a fit person to be longer allowed the privileges of being an attorney. And on that question the fact of the existence of such a record would be legitimate and cogent evidence.

The last reason of appeal is, that the court erred in rendering a judgment of disbarment, instead of suspension only for a reasonable and stated period.

Examined somewhat more in detail, the record shows that prior to January, 1886, the appellant had had such professional relations with Margaret and Daniel Sprague that he believed they would come to him for professional advice and assistance if they should have any law business. In that month he engaged to collect a judgment rendered in the Supreme Court in Dutchess County in the state of New York against the said Daniel Sprague, and owned by one Emeline Kent, for the amount of $1,849.82, with interest thereon from and after 1874. The appellant was authorized to settle for $1,000, net to the owner of the judgment, and was to receive for his own services all he could obtain over $1,000, up to $1,500, and one third of the amount collected in excess of the latter sum. Daniel and Margaret Sprague were husband and wife; Daniel had no property, Margaret had some property. In order to deceive the Spragues, and to cause them to believe, if they should come to him for advice or assistance, that he was not employed to collect the judgment, the appellant drew up and caused to be issued by another attorney a complaint against Daniel and Margaret Sprague in favor of the said Emeline Kent, to recover the amount due on the judgment. Upon this complaint the property of Margaret Sprague was attached. As soon as it was served the Spragues came to the appellant and retained him as their counsel. He accepted that employment. He went to Dutchess County and there learned that Margaret

Sprague was not liable on the judgment. On his return he falsely stated to Mr. and Mrs. Sprague that she was liable on it, and that her property could be taken for it in the suit that had been served on them, and advised them to settle that suit on the most favorable terms they could. Relying on that advice they did settle, the said Margaret paying of her own money the sum of $1,875 in settlement; of which sum the appellant received the stipulated proportion. The appellant knew that, from the time of her employment of him as aforesaid until the settlement of that suit, the said Margaret relied upon him as her counsel and believed him to be acting solely in her interest and behalf. He was however at that time acting for and in behalf of said Emeline Kent, plaintiff in the suit, which the Spragues did not know.

It is hardly possible to characterize such conduct by an attorney-at-law in measured terms. That it was a gross violation of the attorney's oath is only a moderate statement. That it manifested a low condition of moral sensibility is true, and that it showed the appellant to be utterly wanting in the qualities which would entitle him to public confidence is also true.

It is not enough for an attorney that he be honest. He must be that, and more. He must be believed to be honest. It is absolutely essential to the usefulness of an attorney that he be entitled to the confidence of the community wherein he practises. If he so conducts in his profession that he does not deserve that confidence, he is no longer an aid to the court nor a safe guide to his clients. A lawyer needs, indeed, to be learned. It would be well if he could be learned in all the learning of the schools. There is nothing to which the wit of man has been turned that may not become the subject of his inquiries. Then, of course, he must be specially skilled in the books and the rules of his own profession. And he must have prudence, and tact to use his learning, and foresight, and industry, and courage. But all these may exist in a moderate degree and yet he may be a creditable and useful member of the profession, so long as the practice is to him a clean and honest function. But

possessing all these great faculties, if once the practice becomes to him a mere " brawl for hire," or a system of legalized plunder where craft and not conscience is the rule, and where falsehood and not truth is the means by which to gain his ends, then he has forfeited all right to be an officer in any court of justice or to be numbered among the members of an honorable profession.

There is no error in the judgment complained of.

In this opinion the other judges concurred.