### Edwin S. Thomas, Conservator, Appeal from Probate.

Third Judicial District, Bridgeport, October Term, 1911.
Hall, C. J., Prentice, Thayer, Roraback and Wheeler, Js.

It is unnecessary for this court to pass upon the correctness of a ruling upon demurrer, where the same questions are again presented by the finding of facts.

Chapter 203 of the Public Acts of 1903 clearly empowers the Court of Probate to authorize conservators to compromise and settle doubtful or disputed claims in favor of or against the estate represented by them.

An application to the Court of Probate by a conservator for authority to compromise for $700 in cash a claim of $1,010 against his ward, payable in land, alleged that such a settlement would be fair and for the advantage and benefit of the ward. The court denied the application, but stated that it would approve of a compromise upon the basis of a cash payment of $200. *Held* that such statement of the court was without the issue and formed no part of the decision or the judgment.

A judgment is co-extensive only with the issue upon which it is founded, and conclusive only upon the matters necessarily involved and included within that issue.

A claim originally payable in land may be lawfully compromised and adjusted on a cash basis.

A compromise agreement made in good faith and to avoid litigation is favored in law; and when free from fraud, mistake, and undue influence, such an agreement is as binding upon the parties as any they can make.

Argued October 25th—decided December 19th, 1911.

Appeal from the denial, by the Court of Probate for the District of Milford, of an application by a conservator praying that he might be authorized to compromise and settle a claim against the incompetent person for legal services and expenses, upon the terms stated in such application, taken to and tried by the Superior Court in New Haven County, *Ralph Wheeler, J.;* facts found and judgment rendered granting the desired authority, and appeal by the town of Milford. *No error.*

*William B. Stoddard,* with whom was *Robert C. Stoddard,* for the appellant (the town of Milford).

*Frank S. Bishop* and *George W. A. Myers,* for the appellee (Thomas, Conservator).

RORABACK, J.  This is an application by one Edwin S. Thomas, conservator of the estate of Edward A. Spencer, for authority to compromise and settle a claim of $1,010.74 by a cash payment of $700.74.  The Court of Probate for the district of Milford denied this application, but stated that it would approve of a compromise of this claim for $200.  The conservator appealed to the Superior Court.  Before the reasons of appeal were filed in the Superior Court, a demurrer was interposed, which was overruled.  The parties then went to trial in the Superior Court on issues raised upon the reasons of appeal, and judgment was rendered as hereinbefore stated.  The appeal to this court assigned error in sustaining the demurrer, and because judgment was rendered upon the facts set forth in the finding.

With all the facts before us, it is unnecessary to rule upon the effect of the decision upon the demurrer. *Mechanics Bank* v. *Woodward,* 74 Conn. 689, 691, 51 Atl. 1084.

The finding shows that prior to the appointment of Mr. Thomas as conservator, Mr. Spencer became involved in litigation as to the ownership of a sandy beach on Long Island Sound in the town of Milford.  Spencer, who was entirely without means other than his land, the title of which was then in controversy, made an oral agreement with George E. Beers, a member of the New Haven county bar, that if he would act as his counsel, he would pay him in land.  Three cases growing out of the contention over Spencer's land reached

this court, and are reported in the 80th volume of the Connecticut Reports, pages 330, 338, and 347, respectively (68 Atl. 370, 373, 377).

Beers appeared as counsel for Spencer in these cases, and at their termination presented a claim for his fees and disbursements therein. He also included in this bill a claim for other matters in which he represented Spencer.

In this connection the trial court finds that Thomas, the conservator, in an attempt to put an end to the litigation and expenses of Spencer, stated to Beers that he would approve his bill for the amount of $700.74 in cash, and this Beers agreed to accept, to get Spencer out of his trouble and litigation; that the amount of this bill, $700.74, payable in cash, is fair and reasonable; that it is for the best interest of the ward and his estate that this amount should be paid by way of compromise and settlement in accordance with the application of the conservator to the Court of Probate; that it is the intention of Beers to bring suit upon the original amount of his claim if a compromise is not effected; and that it is probable that if such suit were brought he would recover a larger sum than the amount named in the compromise, which suit would involve further expense to the estate of Spencer.

Chapter 203 of the Public Acts of 1903, p. 182, provides that "the Court of Probate, after public notice and hearing, may authorize executors, guardians, conservators, administrators, and trustees in insolvency to compromise and settle any doubtful or disputed claims or actions or any appeal from probate in favor of or against the estates or persons represented by them, respectively." This language is clear. Under this statute there is ample authority for a conservator to settle and compromise a disputed or doubtful claim for or against the estate represented by him.

There is no merit in the contention of the town of Milford that it appears on the face of the papers that the conservator is attempting to pay, in the settlement of a claim against the estate he represents, a larger sum than the Court of Probate thinks is equitably and legally due. The conservator, under the provisions of the Public Acts above quoted, presented his application to the Court of Probate for the district of Milford for authority to compromise and settle the claim under consideration for the sum of $700.74. The Court of Probate denied the application, but stated that it would allow $200 in full settlement of this claim. This application necessarily involved the question whether the compromise suggested was a reasonable one, and for the best interest of Spencer's estate. It is elementary law that judgments are, as between parties and their privies, conclusive evidence of the facts directly put in issue in the case and determined by such judgments, whenever the same facts are in question in another suit. But a judgment is co-extensive only with the issue upon which it is founded, and conclusive only upon matters necessarily involved and included within that issue. *Scott* v. *Scott*, 83 Conn. 634, 638, 639, 78 Atl. 314. The statement of the Court of Probate that it would approve of a compromise of Beers' claim for $200, settled nothing, and no legal inference or conclusion can be drawn therefrom.

The judgment rendered by the Superior Court is assailed because it appears by the terms of the compromise that payment is to be made to Mr. Beers in cash and not in land. Forbearance, or a promise to forbear, from doing what one cannot legally do is no consideration for a compromise. The agreement to receive payment in cash instead of land was not illegal.

It appears that Mr. Beers had fully performed his undertaking, and was entitled to receive compensation

for services actually rendered and disbursements made in Spencer's behalf for a legitimate purpose. The trial court has found that $700.74 in cash is a reasonable sum to allow for the payment of this claim, and that it was for the best interest of Spencer and his estate that this settlement should be made. It is also shown that this settlement was an attempt to avoid litigation, and that it was made in good faith. The law favors settlements of this character. 1 Parsons on Contracts (6th Ed.) p. 438. Courts exist to furnish remedies where they cannot be obtained by peaceable means. The policy of the law is rather to discourage, than to encourage, a resort to litigation. If a controversy be actual and in good faith, it is a proper subject-matter for a binding contract or settlement. When such a settlement has been made free from fraud, mistake, or undue influence, whereby there is a surrender of a lawful claim, in whole or in part, upon one side, in exchange for something of value upon the other, such an agreement is as binding as any that parties, competent to contract, can make. See note 4, 25 L. R. A. (N. S.) 287, 288, and cases there cited.

The other reasons of appeal which were argued in this court need no further discussion in view of what we have already stated.

There is no error.

In this opinion the other judges concurred.