STATE *ex rel.* FLETCHER *v.* HUNTER *et al.*\*

*(Nashville.* December Term, 1925.)

1. **ATTORNEY AND CLIENT.** Requirement that petition shall be presented by petitioners aggrieved applies equally to bar association, committee, or individual.

   Under Acts 1919, chapter 42, section 3, providing that proceedings for disbarment may be instituted by court on own motion or by bar association committee, or individual aggrieved by conduct of attorney, requirement that petition shall be presented by petitioners "aggrieved" applies alike to bar association, committee, or individual. (*Post, p.* 235.)

   Acts cited and construed: Acts 1919, ch. 42.

2. **ATTORNEY AND CLIENT.** To disbar attorney petitioner is not required to have been "aggrieved" in sense of suffering injury to person or property.

   In petition for disbarment, made by individual member of bar, claim that petitioner must have been personally aggrieved in sense of suffering injury to person or property by conduct of defendant is too narrow a construction of Acts 1919, chapter 42, section 3, since

State ex rel. Fletcher v. Hunter.

every member of bar is "aggrieved" by professional misconduct of any other member. (*Post*, *pp*. 235-238.)

Cases cited and distinguished: People v. Palmer, 61 Ill., 255; Fairfield County Bar v. Taylor, 60 Conn., 11.

*Headnotes 1. Attorney and Client, 6 C. J., Section 65; 2. Attorney and Client, 6 C. J., Section 65.

FROM HAMILTON.

Appeal from the Criminal Court of Hamilton County. —Hon. FLOYD ESTILL, Judge.

GEORGE W. CHAMLEE, for the State.

WHITAKER & WHITAKER and W. H. CUMMINGS, for respondents.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is an appeal from a judgment of the criminal court of Hamilton county sustaining a motion to quash a petition to require defendants to show cause why they should not be disbarred. It is conceded that the petition with its amendment sets forth charges of grave professional misconduct. The petition was presented by a member of the Hamilton county bar, and styled "State of Tennessee ex rel. T. D. Fletcher" against the defendants, who are alleged to be likewise members of the Hamilton county bar.

Giving application to the act of 1919, chapter 42, which is "an act to prescribe grounds of disbarment of attorneys and counsellors at law who have been admitted to practice in the courts of the State of Tennessee, and to prescribe the penalties and rules of procedure in disbarment cases," the learned trial judge sustained the motion and dismissed the petition on the ground that the petitioner did not show that he was aggrieved by the misconduct set forth.

Construction of the following provision of the act referred to is called for:

"Proceedings may be instituted by the court of its own motion in writing, setting forth the charge, or by petition duly verified and sworn to by any bar association, bar committee, or individual aggrieved by the act or conduct of such attorney," etc. Section 3.

It thus appears that the petition may be presented by: (1) A bar association; or (2) a bar committee; or (3) an individual. The requirement that the petition shall be presented by a petitioner or petitioners "aggrieved" is not limited to an "individual" who may present it, but applies alike to a bar association or a bar committee.

While the petition in this case, as before stated, sets forth and charges serious professional misconduct, it is the insistence of the defendants, which was sustained by the trial court, that it failed to show that the individual attorney presenting the petition was personally "aggrieved" by the conduct of the defendants. It is argued for defendants, that an individual presenting such a petition must show that he has personally and individually suffered injury to his person or property; that he

has "sustained a legal loss or liability;" that he has been "injured by some personal act of an attorney, such as attorney and client."

We are of opinion that this is too narrow a construction to be consistent with the purposes of the act. In Corpus Juris, vol. 6, p. 604, it is said that the right to institute disbarment proceedings "is not confined to clients, nor is it necessary that the person should have a financial interest in the matter, or an interest of such nature as characterizes one as a party in interest in ordinary litigation." In *People* v. *Palmer,* 61 Ill., 255, cited to sustain this text, the court construed the words "any person interested," employed in the Illinois disbarment statute, and said:

"This statute cannot receive the narrow construction, that the person who may make the application must be a creditor [of the accused attorney]. This would be against both its spirit and equity. The members of the profession . . . have a deep interest in the purity of those who sustain such important relations to the public."

In the case of *Fairfield County Bar* v. *Taylor,* 60 Conn., 11, 22 A., 441, 13 L. R. A., 767, cited by Ruling Case Law to sustain the statement in the text that attorneys other than members of a committee may bring such proceedings, the court passed on the objection that the charges had not been preferred by an appointed committee, but by individual attorneys, and held that there was "no force to the objection." Said the court:

"It was the duty of the attorneys, if they knew of unprofessional conduct by the appellant or any other attorney, to bring it to the attention of the court. An

State ex rel. Fletcher v. Hunter.

appointment by the bar to do that which it was their duty to do without any appointment could give them no added authority."

Each individual member of any local bar, in the same sense as any group of members of a bar acting as a committee, or association, is "aggrieved" by the professional misconduct of any other member of his bar. Such misconduct reflects upon and shadows the standing of the bar and profession as a whole, and impairs the standing and usefulness of the profession and of all its members. These are matters in the realm of ethics, and hard and fast rules applicable to tangible rights and wrongs do not apply. One may be "aggrieved" in the sense contemplated by this statute without having suffered a direct individual injury. It is sufficient that he is a member of a class, in this case a profession, whose standing before the public, which should be zealously guarded, has been adversely affected, and which has been, therefore, "aggrieved."

Giving this broad, and, as we conceive, proper, application to the requirement of the statute, we are of opinion that the allegations of the petition not only present a case which calls for the issuance of the citation provided for by the act, but we are further of the opinion that such a course is in the interest of the individual defendants as well as of the profession as a whole.

It is perhaps unnecessary to say that reversal of this case and its remanding for further proceedings involves no adjudication of the merits of the charges so strongly made; and it is perhaps not improper to add the hope that the defendants may be able to acquit themselves fully and clearly.

In view of the conclusions reached, we have found it unnecessary to consider other questions made, particularly with respect to the scope and exclusive nature of the act of 1919.

Reversed and remanded.