GRIEVANCE COMMITTEE OF THE BAR OF NEW HAVEN COUNTY *v.* EPHRAIM E. SINN.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

420

Argued October 14—decided December 17, 1941.

*Ephraim Edward Sinn,* pro se, the appellant (defendant).

*Arthur T. Gorman,* assistant state's attorney, with whom was *Abraham S. Ullman,* state's attorney, for the appellee (plaintiff).

ELLS, J. This case came to the Superior Court upon a presentment by the grievance committee of the New Haven County bar association alleging that the defendant, a member of the bar of that county, had been guilty of professional misconduct, and asking that he be directed to appear before the court and show cause why he should not be disbarred or otherwise disciplined. The presentment made the following charges: The defendant delivered to Mark McDermott, a deputy sheriff, a writ of attachment in an action wherein Howard Beauchamp was defendant, with directions to attach as the property of Beauchamp an automobile then in the latter's possession. The attachment was made, and thereafter the assignee of the vendor in a conditional bill of sale of the automobile to Beauchamp made demand upon the officer for possession of the car. The defendant, upon being informed of this demand, directed McDermott to refuse it, and he did so. The assignee then brought a replevin action, the defendant represented McDermott at the trial, and judgment was rendered in favor of the plaintiff therein to recover possession and for dam-

ages of $1 and costs of $82.75, which McDermott was compelled to pay. He demanded reimbursement, but the defendant refused to recognize any responsibility on his part, refused to pay, has demanded $150 for services in representing McDermott in the replevin action, and has refused to pay the sheriff for services rendered in making the original attachment, except to allow these sums as a set-off to the claim of $150 for services. A rule to show cause was issued by the court, the defendant appeared and demurred to the presentment, the demurrer was overruled, an answer filed, a hearing had, and judgment entered suspending the defendant from practice as a member of the bar of Connecticut for a period of sixty days. The defendant appealed.

In proceedings such as this a defendant is entitled to notice of the charges against him, to a fair hearing, and a fair determination, in the exercise of a sound judicial discretion, of the questions at issue, and to an appeal to this court for the purpose of having it determined whether or not he has in some substantial manner been deprived of such rights. *In re Durant*, 80 Conn. 140, 147, 150, 67 Atl. 497; *Grievance Committee* v. *Ennis*, 84 Conn. 594, 602, 80 Atl. 767. The ultimate question is whether he is a fit person to be longer allowed the privileges of being an attorney. *Fairfield County Bar* v. *Taylor*, 60 Conn. 11, 16, 22 Atl. 441. His relations to the tribunal and the character and purpose of the inquiry are such that unless it clearly appears that his rights have in some substantial way been denied him, the action of the court will not be set aside upon review. *In re Durant*, supra, 150.

Error is assigned in overruling the demurrer. The questions raised in its various grounds are all involved in this appeal. With all the facts before us it is unnecessary to rule on the effect of a decision upon a

demurrer. *Thomas' Appeal*, 85 Conn. 50, 51, 81 Atl. 972.

The trial court found true the charges specifically alleged in the presentment, and no changes can be made in its finding. It was not alleged that the defendant specifically agreed to pay the costs of the replevin action. Under the circumstances alleged the attorney is justly regarded as having personally requested the services rendered, and as having personally directed the officer to take the property attached. He is therefore personally liable for the consequences of his acts, one of which is a legal inference from these facts of a promise to reimburse the officer for any loss sustained by having taken the property of the wrong person. *Higgins* v. *Russo*, 72 Conn. 238, 242, 43 Atl. 1050. While in that case the attorney had in his hands money paid by his client to use, if necessary, in defending the validity of the contemplated seizure, the reasoning of the opinion validly supports a rule that as between attorney and officer the former is liable to the latter for the consequences of actions performed at his express command. The present case is stronger in that the attorney not only directed the officer to attach the property of another but upon a replevin action directed the officer to refuse to surrender the property.

The grievance committee is not a collection agency, and did not attempt to collect the debt rightfully owed by the defendant, but complained that the latter's conduct in refusing to pay the officer for a loss occasioned by defendant's direct order constituted professional misconduct. The debt was not an ordinary one but was an incident of the practice of law, and specifically concerned the defendant's good faith toward a deputy sheriff who at his direction and upon his order had incurred an obligation for which, the

law holds, the defendant must recompense him. The ground for the refusal was not inability to pay, but a denial of liability and of responsibility. We cannot say that the court was in error in its conclusion that the facts alleged and proved warranted the relatively mild discipline imposed by it. A large measure of discretion is vested in the Superior Court in passing upon the conduct of an attorney upon charges preferred against him by the grievance committee. *Grievance Committee* v. *Ennis,* supra, 602; *In re Durant,* supra, 150.

The trial court went beyond the specific allegations of the presentment and found the following additional facts: There was an express promise by the defendant to pay the costs of the replevin action, if judgment should be rendered against the officer; the officer at no time retained the defendant to represent him in the replevin action or agreed to compensate him for such services; the defendant had no thought or intention of charging for them; his ultimate charge was an afterthought and not bona fide, but was made solely to enable him to set off the amount of the charge in a threatened action by the officer to collect the replevin costs. These facts were found upon evidence to which no objection was made, and which was quite sufficient to support the finding. The defendant contends that these facts are beyond the issues defined in the pleadings. The short answer is that a hearing such as this is not the trial of a criminal or civil action or suit, but an investigation by the court into the conduct of one of its own officers, and that, therefore, while the complaint should be sufficiently informing to advise the court of the matters complained of, and the attorney of the charges made against him, it is not required that it be marked by the same precision of statement, or conformity to the recognized formalities

or technicalities of pleadings, as are expected in complaints in civil or criminal actions. *In re Peck*, 88 Conn. 447, 452, 91 Atl. 274; *Fairfield County Bar* v. *Taylor*, supra, 15. No new burden is imposed upon the defendant. He had specific notice of his acts and conduct under investigation. It was not necessary to allege all the details of such conduct. It is true that the allegations of the presentment were thus broadened by other facts not specifically alleged, but they were well within the issue. See *Mechanics Bank* v. *Woodward*, 74 Conn. 689, 691, 51 Atl. 1084.

We have already stated that the facts specifically alleged and proved in relation to the replevin costs are sufficient to imply a promise to pay them. The court's further finding that there was an express agreement to that effect is therefore of no moment, except to strengthen the validity of the conclusion arrived at. The court's findings in relation to the defendant's conduct in making a charge for services come within the rule already discussed, and were proper findings of fact in relation to the charges made in the presentment. There was bad faith on the part of the defendant in making such a charge in the manner and for the purposes stated in the finding, and we cannot say that the court abused its discretion in concluding that it constituted professional misconduct.

The trial court found that at the hearing there was a direct conflict between the testimony of the defendant and that of the officer as to the former having promised the latter to pay the costs of the replevin action, and that the testimony of the defendant was false, was known by him to be false and was intended to mislead the court. The trial court could properly make this finding because it concerned something which occurred in the presence of the court. *Dadio* v. *Dadio*, 123 Conn. 88, 93, 192 Atl. 557. While it might

be that the court could not base a disbarment or suspension of an attorney upon such a finding without charges being brought against him based upon it and an opportunity being given him to be heard, it could consider this fact at least to the extent of determining the penalty which should be imposed upon his being found guilty of charges within the scope of the complaint against him. *Matter of Sleeper,* 251 Mass. 6, 20, 146 N. E. 269. It does not appear that the court made any improper use of the facts so found. Viewed in the light of the conduct of the defendant who, sworn as a witness to inquire into his professional conduct, gave false testimony, the disciplinary action meted out to him did not lack the quality of mercy.

There is no error.

In this opinion the other judges concurred.