This is a writ of error attacking a judgment of the Town Court of Trumbull in a summary process action brought by Mr. Dillistin, hereinafter called the landlord, against Mr. Beeman, hereinafter called the tenant. After a trial of that action, the jury found all issues in favor of the landlord and a judgment for possession of the leased premises, with costs, was entered in his favor.
By this writ, the tenant presents several questions of law which were decided adversely to his contentions in the trial court. The questions raised by sections (a) and (b) of paragraph 2 of the writ need not be considered now, as they relate *Page 126 
to a demurrer which was expunged by the trial court and the identical questions were presented later and passed upon at the trial on merits. Thomas' Appeal, 85 Conn. 50; GrievanceCommittee of the Bar of New Haven County v. Sinn,128 Conn. 419, 422.
It was the insistent claim of the tenant in the other court, as it is here, that the notice to quit served on him prior to the institution of the summary process proceedings did not satisfy the requirements of the federal housing regulations adopted under the Emergency Price Control Act. Such regulations are adopted under war powers and are controlling from their effective date as respects rights of landlords and tenants. Schwartz
v. Trajer Realty Corporation, 56 F. Sup. 930; Putterman
v. Miller, 133 Conn. 70.
Under § 6(a) of the regulations (C. C. H. War Law Service, Price Control Cases, paragraph 49, 129), insofar as applicable here, no tenant who pays his rent may be evicted from housing accommodations except by an owner who acquired the property prior to October 20, 1942, and (§ 6 [a] [6]) who has "an immediate compelling necessity to recover possession of such accommodations for use and occupancy as a dwelling for himself, or has served during the period of the war emergency in the armed forces of the United States and in good faith seeks possession for his own occupancy." Section 6(d), relating to "notices prior to action to remove tenant," requires that every notice to a tenant to vacate housing accommodations "shall state the ground under this section upon which the landlord relies for removal or eviction of the tenant." By an amendment issued and effective on May 27, 1946, the last quoted language was supplemented by the words "and the facts necessary to establish the existence of such ground."
On June 24, 1946, a notice to quit possession was served on the tenant in conformity with the statutes of this state, and the notice satisfies the requirements of such statutes. Said notice also contained the following: "Summary process will be returned to Town Court of Trumbull. Reason for notice is that owner desires occupancy for own use and owned the premises prior to October 20, 1942. Owner is a veteran."
A copy of such notice was served on the area rent office on June 25, 1946, as required by the regulations. *Page 127 
The summary process complaint is based on the allegations that the landlord served in the United States Navy from June 2, 1944, to January 15, 1946, and that he desires in good faith to obtain possession of the premises for his own use and occupancy. It would appear, therefore, that the landlord proceeded on the statement in his notice, which may be paraphrased to read, "Owner is a veteran who desires occupancy for his own use," and not on his claim of ownership of the property.
It is the contention of the tenant that the notice does not contain a statement to the effect that the landlord served in the armed forces during the war emergency or a statement that he desires in good faith to use the premises for his own occupancy, or a statement of facts necessary to establish the existence of such ground. Obviously, it does not. The word "veteran" has various meanings, and while it relates to a person who has served in the military or naval forces in time of war, it does not necessarily cannot that such person served during the recent war emergency. Thus, the notice fails to set forth the facts showing that he has good ground, under the regulations, for maintaining his action at law.
The notice is likewise defective in that it fails to set forth a claim that the landlord acted in good faith in seeking to evict the tenant. Good faith requires something more than an actual intent to move into the premises, for it may involve consideration "of facts showing the landlord's general family and home situation, [his] need or lack of need of housing accommodations under existing circumstances, ... and a multitude of other factors which may properly be taken into consideration in determining the question of good faith." Snyder v. Reshenk,131 Conn. 252, 254. No facts are stated in the notice to show anything except that the landlord, being a veteran, "desires occupancy for his own use."
The omission of a statement of necessary facts is probably accounted for by noting that the amendment to § 6(d)(1) was made effective less than a month before the notice was served on the tenant and the memorandum of the local rent office calling attention to the amendment bears a date only three days before the service was made. What publication was given to the amendment does not appear, but it is probably true that it was not brought to the attention of the person who prepared the notice. *Page 128 
It is concluded, therefore, that the notice to quit served on the tenant did not satisfy the requirements of the housing regulations.
while not conceding any insufficiency in the notice given, the landlord contends that if the notice was deficient in any respect it was cured by the specific allegations of the complaint as outlined above. Such a contention cannot be upheld, as the whole text of § 6(d), as well as it's title, specifically refers to a notice to be given before an action is commenced, and it requires that a notice shall be given in the event that local law does not require one. It does not refer to the necessary allegations of the complaint.
Under section of paragraph 2 of the writ, attack is made on the charge in several particulars. The "Finding" recites the following:
"Fifth: There is no written copy of the Court's charge.
"40. The Court charged the jury in substance as follows:
"41. After reading to the jury the various sections of the Federal Housing Regulations which both counsel agreed were the proper ones, the Court pointed out to the jury that, after considering all the facts, it was for them to determine whether or not the Notice to Quit, Plaintiff's Exhibit C. was sufficient."
Apart from the question whether the notice satisfied the requirements of the regulations, there is another matter which should be considered and that relates to the above quoted summary of the charge to the jury, wherein the trial court left it to the jury to determine the sufficiency of the notice. This appears to be an erroneous instruction for the reason that there is no dispute between the parties as to the form and contents of the notice given, and the tenant was entitled to have the validity of the notice passed on as a matter of law by the court and not as a question of fact by the jury. See Parker v. Meeks,96 Conn. 319; Forbes v. Suffield, 81 Conn. 274.
While these might appear to be rather technical and unsubstantial grounds on which to deny to a landlord who has recently returned from service the right to use his own premises as a house for his own family, nevertheless this court has no choice but to apply the law as it stands to the incontrovertible facts as they appear in the record. *Page 129 
In this view of the case, it is unnecessary to consider the remaining questions suggested by the writ.
 Judgment is therefore directed to be entered that the judgment of the Town Court of Trumbull be set aside and the cause remanded to be proceeded with according to law and that the plaintiff recover of the defendant his costs.