IN RE HERMAN N. HORWITZ,
AN ATTORNEY

SUPERIOR COURT      NEW HAVEN COUNTY      FILE No. 89751

Memorandum filed May 28, 1959

*Abraham S. Ullman,* state's attorney, of New Haven, for the Grievance Committee.

*Marvin M. Horwitz,* of Norwich, for the respondent.

RYAN, J. This is a presentment by the grievance committee charging the respondent with violation of canon 10 of the canons of professional ethics, which prohibits the purchase by an attorney of any interest in the subject matter of the litigation which he is conducting. Practice Book, p. 4. The respondent pleads in abatement because on or about September 11, 1958, he was reprimanded by the grievance committee in the exercise of its duties and powers under § 51-90 of the 1958 Revision for the transaction or series of transactions outlined in the presentment and it is not alleged that there are new facts which would require action further than said reprimand. To this the grievance committee demurs on the ground that the facts therein stated are not sufficient in law to bar or preclude the grievance committee from making this presentment and complaint.

The demurrer admits any facts provable under the plea in abatement. *Stamford Dock & Realty Corporation* v. *Stamford,* 124 Conn. 341, 345. This includes the allegation that since the action of the grievance committee in reprimanding the respondent there are no new facts. The respondent claims that the grievance committee is an independent public body having quasi-judicial functions; that in the exercise of its discretionary powers, entrusted to it by the legislature and the court, it made a quasi-judicial decision on the merits of the case; that by its action of reprimand, it disciplined the respondent for the alleged act of misconduct; that this pre-

sentment should not be entertained by the court because it has already been decided by a duly authorized body, with authority to do so, which should not be allowed to initiate new disciplinary proceedings upon a matter already decided and acted upon.

"An attorney at law is an officer of court exercising a privilege or franchise to the enjoyment of which he has been admitted, not as a matter of right, but upon proof of fitness through evidence of his possession of satisfactory legal attainments and fair private character. *Fairfield County Bar* v. *Taylor,* 60 Conn. 11, 15, 22 Atl. 441; *Ex parte Garland,* 4 Wall. (U.S.) 333, 378; *Butchers Union Co.* v. *Crescent City Co.,* 111 U.S. 746, 763, 4 Sup. Ct. Rep. 652. For the manner in which this privilege or franchise is exercised he is continually accountable to the court, and it may at any time be declared forfeited for such misconduct, whether professional or nonprofessional, as shows him to be an unfit or unsafe person to enjoy the privilege conferred upon him and to manage the business of others in the capacity of an attorney. *Ex parte Wall,* 107 U.S. 265, 273, 304, 2 Sup. Ct. Rep. 569; *Ex parte Garland,* 4 Wall. (U.S.) 333, 378; *Ex parte Robinson,* 19 Wall. (U.S.) 505, 512; *Ex parte Brownsall,* Cowper, 829. The power to declare this forfeiture is a summary one inherent in the courts, and exists not to mete out punishment to an offender, but that the administration of justice may be safeguarded and the courts and the public protected from the misconduct or unfitness of those who are licensed to perform the important functions of the legal profession. *Ex parte Bradley,* 13 Wall. (U.S.) 364, 374; *Fairfield County Bar* v. *Taylor,* 60 Conn. 11, 12, 22 Atl. 441; *Boston Bar Association* v. *Greenhood,* 168 Mass. 169, 46 N.E. 568; *Ex parte Brownsall,* Cowper, 829. The action of the court in the exercise of this power is judicial in its character, but the

inquiry made is 'in the nature of an investigation by the court into the conduct of one of its own officers, not the trial of an action or suit,' and the order entered is but an exercise of the disciplinary jurisdiction which it has over such officers. *Fairfield County Bar* v. *Taylor,* 60 Conn. 11, 13, 15, 22 Atl. 441; *Ex parte Garland,* 4 Wall. (U.S.) 333, 378; *In re Hardwick,* L.R. 12 Q.B. 148, 149." *In re Durant,* 80 Conn. 140, 147, 148.

"Presentment for misconduct . . . shall be made by written complaint of the grievance committee or of the state's attorney or of any member of the bar by direction of the court." Practice Book § 12. Thus, the Superior Court can take cognizance of the conduct of an attorney in any one of several ways.

"There is no plaintiff. The State is not a party . . . to these proceedings. No person is a plaintiff. There may be, indeed . . . one who has called the court's attention to alleged misconduct, but he is in no sense a party, and has no interest in the outcome save as all good citizens or worthy members of the bar may have. The complaint made, the court controls the situation and procedure, in its discretion, as the interests of justice may seem to it to require. It may even act upon its own motion without complaint and thus be the initiator of proceedings." *In re Peck,* 88 Conn. 447, 452. This is an investigation by the court into the conduct of one of its own officers. *Grievance Committee* v. *Sinn,* 128 Conn. 419, 424. " 'The complaint made, the court controls the situation and procedure, in its discretion, as the interests of justice may seem to it to require.' " *Grievance Committee* v. *Broder,* 112 Conn. 263, 265.

I do not believe that it was the legislative intention in adopting § 51-90 to give a grievance committee's action in reprimanding an attorney any such finality as would prevent the Superior Court from

taking jurisdiction of the same complaint. Even if this were the intention of the General Assembly, it would not be effective. While the entire legislative power is vested by the constitution in the General Assembly, the judicial power is separate from it and vested in the courts as a separate magistracy. No statute can control the judicial department in the performance of its duty of deciding who shall enjoy the privilege of practicing law. *State Bar Assn.* v. *Connecticut Bank & Trust Co.*, 145 Conn. 222, 232.

While counsel for the grievance committee has not raised the question, I am obliged to point out that the plea of the respondent is wholly outside the scope of the grounds of abatement. It is really a plea in bar. Matter in bar of an action may not be entertained in a dilatory plea. *Guglielmino* v. *Guglielmino,* 16 Conn. Sup. 442. Despite this, since counsel have, in effect, treated the demurrer as if it were addressed to a plea in bar, I have, in the interest of saving time for some other judge, treated it in the same way.

The demurrer to the plea in abatement is sustained.