GRIEVANCE COMMITTEE FOR THE NEW HAVEN
JUDICIAL DISTRICT *v.* VICTOR P. FASANO
(2820)

DUPONT, C.P.J., BORDEN and DALY, Js.

Argued April 3—decision released May 28, 1985

*Victor P. Fasano,* pro se, the appellant (defendant).

*William F. Gallagher,* with whom, on the brief, were *Joseph B. Morse* and *Robert P. Borquez,* for the appellee (plaintiff).

PER CURIAM. The defendant is a member of the bar authorized to practice law in the state of Connecticut. He appeals from the trial court's judgment suspending him from practicing law for a three month period for violating Disciplinary Rule 9-102 of the Code of Professional Responsibility and reprimanding him for conduct indicating neglect and inattention to legal matters entrusted to him.

The presentment to the trial court of the defendant for misconduct by the plaintiff grievance committee was in two counts. The defendant claims that the trial court erred in considering and disciplining the defendant on the contents of the second count of the presentment because it referred both to previous complaints filed with, investigated and resolved by the grievance committee short of presentments to the Superior Court and, in

some instances, to complaints which had been dismissed by the committee because of a lack of a finding of unprofessional or unethical conduct.

A complaint against an attorney which has previously been dismissed by a grievance committee may be disclosed and used in connection with presentments to the Superior Court of that attorney. *In re Herman N. Horwitz,* 21 Conn. Sup. 363, 154 A.2d 878 (1959).[1]

The defendant also argues that the trial court exceeded its judicial discretion by suspending him from practicing law for three months. The facts show that his actions clearly violated Disciplinary Rule 9-102[2] of

---

[1] Practice Book § 32, as amended June 15, 1984, and effective October 1, 1984, specifically provides for such disclosure. It provides in pertinent part: "(d) If a complaint against an attorney has been dismissed, the existence of the complaint, including any presentment, need not be disclosed by such attorney. For purposes of disclosure, except as hereinafter provided, any complaint that has been dismissed shall be deemed never to have been filed. Such complaints may be disclosed and used in subsequent disciplinary proceedings, including presentments, involving that attorney."

[2] Disciplinary Rule 9-102 of the Code of Professional Responsibility provides in pertinent part: "(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable accounts maintained in the state in which the law office is situated at a financial institution authorized to do business in such state, and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

"(1) Funds reasonably sufficient to pay bank charges may be deposited therein.

"(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

"(B) A lawyer shall:

"(1) Promptly notify a client of the receipt of his funds, securities, or other properties.

"(2) Identify and label securities and properties of a client promptly upon

the Code of Professional Responsibility. The trial court's action will not be set aside unless the defendant has in some substantial way been deprived of his rights. *Grievance Committee of the Bar of New Haven County* v. *Sinn*, 128 Conn. 419, 422, 23 A.2d 516 (1941); *In re Durant*, 80 Conn. 140, 150, 67 A. 497 (1907). A review of the record indicates that such is not the case here.

There is no error.

receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.

"(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

"(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."