[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS #101 REQUEST TO REVISE #103
The above matter is a presentment of the respondent for misconduct not occurring in the presence of the court.
The respondent has filed a motion to dismiss the petition alleging that the court is without subject matter jurisdiction in that
(1) Paragraphs 26, 27, 28 and 29 allege misconduct not found by the petitioner nor the subject of the presentment order, and
(2) The reviewing committee whose decision was adopted by the petitioner was improperly constituted in that it was comprised of only two members and both of them were lawyers in violation of P.B. 275.
A motion to dismiss is the proper vehicle to assert lack of jurisdiction over the subject matter of the case P.B. 143. Said section reads in part: "This motion shall always be filed with a supporting memorandum of law . . ."
The respondent in this case filed a document (#102), entitled "Memorandum of Law in Support of Respondent's Motion to Dismiss."
However, such document does not contain a single citation of law. "Mere naked statements, unsupported by citations of authorities constitute inadequate briefing and merit no consideration." State v. Burgess, 5 Conn. Cir. Ct. 617, 620. Bare assertions without citation to legal authority constitutes abandonment of the issue. Dorsey v. Mancuso, 23 Conn. App. 629, 633. Failure to file a memorandum of law as required by the Practice Book requires the motion to be denied.
The foregoing notwithstanding, the court, at the hearing in the above motion heard Daniel Horwitch, Statewide Bar Counsel that the original complaint was forwarded by his office to a reviewing subcommittee consisting of Edward J. Gallagher, Esq., Paige Osis, Esq. and Dominic Coriello. Documents filed by the respondent indicate that the hearing was held and the report issued by [Messrs.]* Gallagher and Osis. See51-90g(a), C.G.S.; P.B. 275.
Section 1-1(h) of the General Statutes reads as follows: "Words purporting to give a joint authority to several persons shall be construed as giving authority CT Page 1946 to a majority of them." See Ghent v. Zoning Commission220 Conn. 584, 589 citing Strain v. Mims 123 Conn. 275,281. Simply put, had the legislature wished to mandate the actual participation by the lay member, it would have said so. It did not. All members of the committee had notice. See Appendix A to petitioner's brief. Affidavit of Daniel B. Horwitch. Rule 7(12) of the rules of procedure of the Committee, Exhibit C.
The second claim of the respondent is that Paragraphs 26, 27, 28 and 29 allege misconduct not found by the Grievance Committee nor constitutes the subject of the presentment order. A presentment is a proceeding sui generis. See In Re Peck 88 Conn. 447, 453. "The complaint made, the court controls the situation and procedure in its discretion as the interests of justice seem to require." Idems p. 452, Grievance Committee v. Broder 112 Conn. 263, 265, Grievance Committee v. Goldfarb 9 Conn. App. 464, 475.
As the request to revise, it has been held that even complaints dismissed by the grievance committee may be used in connection with presentments. Grievance Committee v. Fasano, 4 Conn. App. 173, 174. The request to revise is denied.
ROBERT P. BURNS, JUDGE