[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Re Motion For Sanctions (#115)
The history of this case manifests a court-ordered foreclosure on June 20, 1995, as to which the court set July 20, 1995 as the law day for the owners of the equity of redemption. On the latter date, Lawrence Hillman, attorney for the property owners, appeared before this court on a motion to open the judgment and extend the law days. The purpose of the extension) CT Page 12834 as represented, was to enable the owners to submit a workout application to the plaintiff as a means of settling financial issues. To obtain the plaintiff's consent to granting the extension, Attorney Hillman represented to the court that his clients were ready, willing, and able to pay over to the plaintiff the sum of $6000 toward reduction of a mortgage arrearage.
The plaintiff's counsel consented to the extension, an express condition thereof being the defendants' tender of $6000 forthwith. On that basis the court opened the judgment and granted an extension of the law day to September 18, 1995.
Thereafter, and despite diligent efforts by plaintiff's counsel to secure payment, no payment of the promised $6000 was made until August 17, 1995.
On August 22, 1995, plaintiff's counsel received formal notice from Attorney Hillman that his clients were withdrawing their offer to pay $6000 in consideration of the plaintiff's consent to the extension.[1] Additionally, Attorney Hillman wrote to opposing counsel as follows:
 "I am requesting that you return the $6000 check which I mailed to you on August 15, 1995. I had our bookkeeper contact Lafayette American Bank and was told that our Client's Fund check . . . made payable to Dime Savings Bank has not yet cleared. By this letter I am advising you that as per our client's instruction I am having Lafayette American Bank stop payment on that check."
It would appear that counsel's notification of his clients' purported withdrawal of their offer and stop-payment order occurred at about the time the plaintiff determined that the defendants were ineligible for a loan workout.
On August 22, 1995, the plaintiff filed a motion for attorney's fees incurred in connection with the defendants' motion to open judgment and subsequent events related thereto, as well as the instant motion for imposition of sanctions against the defendants' counsel. A hearing on the motions was held on October 12, 1995, at which time plaintiff's counsel and Attorney Hillman, acting for his clients and in his own behalf, were heard. CT Page 12835
The court granted the first of the above-described motions and ordered the defendants to make payment of plaintiff's attorney's fees in the amount of $800. See Fattibene v. Kealey,18 Conn. App. 344, 360 (1989). As to the second motion, the attorneys were each directed to file within two weeks a memorandum of law on the issue of sanctions.[2]
That the court has inherent power to impose reasonable sanctions to compel observance of its rules has long been accepted. Fairfield County Bar v. Taylor, 60 Conn. 11, 12 (1891);Stanley v. Hartford, 140 Conn. 643, 648 (1954). Our statutory law, as well, recognizes the power of the court to impose sanctions in both civil and criminal matters. Sec. 51-84(b), Conn. Gen. Stat.; Fattibene v. Kealey, supra 359.
The conduct of attorneys is also regulated by the Rules of Professional Conduct; Practice Book 1993; as approved by the judges of the Superior Court, and it is the duty of the Superior Court to enforce such rules. State v. Jones, 180 Conn. 443, 448
(1980). Those rules, inter alia, prohibit a lawyer from knowingly making a false statement of material fact or law to the court; Rule 3.3(a)(1); or to a third person, including opposing counsel. Rule 4.1(a). Likewise, when a lawyer receives funds in which a third person has an interest, he is obligated to deliver to the third person any such funds which that person is entitled to receive. Rule 1.15(b).
The court finds that, on July 20, 1995, Attorney Hillman was either untruthful in his representation to opposing counsel and, more important, to the court, that his clients would make payment of $6000 on the date their motion was granted; or, alternatively, he failed to act in good faith in that he had no reliable basis for making such representation. In either case Attorney Hillman misled opposing counsel and the court.
The court finds further that Attorney Hillman, as reflected in his August 22 letter, thereafter thwarted the clear intent of the court's order (viz., that his client tender $6000 to the plaintiff forthwith) by actively preventing tender of delivery at a time when payment was already long overdue.
The misrepresentations and unprofessional conduct of defendants' counsel caused a delay in the vesting of title by almost two months with a concomitant increase in the defendants' indebtedness to the plaintiff. Furthermore, there was no CT Page 12836 reduction, as it was contemplated there would be, of the arrearage which existed on the date of the court's order. Of more serious consequence, however, is the demeaning nature of such conduct as applied to the court's authority and the disrespect that is manifest. He has clearly violated the rules of court and of professional conduct.
The court, pursuant to statute, fines Attorney Lawrence Hillman one hundred ($100) dollars for each of the two transgressions hereinbefore described.[3] Payment is ordered on or before December 1, 1995.
Gaffney, J.