[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner, Statewide Grievance Committee, hereinafter "the Committee" has brought the instant action for presentment alleging that the respondent, John E. Terzis, has violated Rules 1.15 and 8.4 of the Rules of Professional Conduct by utilizing certain funds of a condominium association of which he was president to pay personal and office expenses. The respondent filed a motion to dismiss the presentment on September 11, 1995. This motion dealt at length with the alleged violation of rules. On June 24, 1996 he filed a supplemental motion to dismiss and on CT Page 12703 October 3, 1996 he filed a "second supplemental motion to dismiss complaint". This second supplemental motion, however, is a duplicate of that filed in June 24, 1996. They both dealt principally with failure to render a decision on time. A hearing was held on September 18, 1996 to hear arguments on both motions. After some argument on the original motion, the parties agreed that an evidentiary hearing would be required with respect to that motion. After argument the supplemental motion was decided by Judge Berger who denied the same. This motion was concerned with a claim that the Committee was without power to act since it had not rendered a decision within four months of a finding of probable cause. At the hearing the petitioner made a second claim that notwithstanding the statute, the delay in rendering the decision was so untimely that it was prejudicial to the respondent. The court did not agree and the supplemental motion to dismiss was denied by Judge Berger in a written memorandum of decision dated October 31, 1996.
In addition to the timeliness argument under Section 51-90
(g) and Section 27j(i) of the Connecticut General Statutes covered by Judge Berger in his memorandum of decision, the respondent in the original motion to dismiss argued that the Statewide Grievance Committee's review committee's reliance on Rule 1.15 of the Rules of Professional Conduct is misplaced as there was no evidence or testimony of any commingling or misappropriation of any funds of the condominium with the respondent's business and/or personal checking account; that the original complainant, Gregory Dillon, and the subsequent complainant, Stamford/Norwalk Grievance Panel, failed to appear at the September 8, 1993 hearing and be heard; that they failed to give any evidence in this matter and failed to personally testify under oath as to any matter in the proceeding; that they produced no evidence or witnesses under oath to show any violation of the Rules of Professional Conduct and that the respondent was deprived of his right to examine or cross examine either the original complainant or the subsequent complainant or any witness or witnesses on behalf of the complainant or the petitioner. He argued further that the only evidence adduced at the hearing under oath and the penalties of perjury was the clear and convincing evidence given by the respondent and his office manager. He also maintained that no records were produced at the September 8, 1993 hearing; no sanctions were imposed by the panel and the panel failed to dismiss the complaint despite the fact that he had caused a subpoena duces tecum to be served by a deputy sheriff on a member of the board of directors and an CT Page 12704 officer of the condominium association for the production of various records.
An evidentiary hearing was held on September 3rd and 4th and the court, having heard the parties and examined the briefs submitted by both parties, concludes that the motion to dismiss should be denied.
Regulation of attorney conduct is within the court's inherent authority. Statewide Grievance Committee v. Rozbicki,211 Conn. 232, 239 (1989). Presentments of attorneys for misconduct are actions that are neither civil nor criminal in nature, but are proceedings sui generis, and once a complaint is made, "the court controls the situation and procedure, as the interests of justice may seem to it to require." StatewideGrievance Committee v. Rozbicki, 211 Conn. 232, 239 (1989).
Pursuant to Section 143 of the Practice Book a motion to dismiss "shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." The only claim of the respondent which is jurisdictional in nature is that concerning the timeliness of the reviewing committee's action which matter has been discussed by Judge Berger and the motions to dismiss that claim has been denied by him.
While none of the remaining claims are jurisdictional in nature, the court will discuss them briefly. "Because of its sui generis character, the reference to specific rules of professional conduct within the context of a presentment does not, unlike a criminal statute, constitute the only basis for a finding of guilt, but serves rather to assist the trial court in making its own conclusions as to whether, under the totality of the circumstances, professional misconduct has occurred."Statewide Grievance Committee v. Rozbicki, 219 Conn. 473, 476, n. 3 (1991). Although the respondent has alleged that the petitioner's reliance on Rule 1.15 is misplaced, it cites no authority for this allegation. According to Statewide GrievanceCommittee v. Sinn, 128 Conn. 419, 422-424 (1941), as long as the complaint provides notice to the respondent of the charges against him, the requirements of due process are satisfied. In the court's opinion the respondent has received sufficient notice of the charges against him. The petitioner will be entitled to a trial de novo at which time the court will ultimately determine CT Page 12705 what rules of professional conduct were in fact violated if at all. The respondent makes numerous assertions in his brief that there was no evidence of intent to defraud on his part or of misappropriation of funds. In doing so he relies upon evidence and facts not apparent on the record. These are matters to be brought before the court on a trial de novo and are certainly not grounds for dismissal. As to his numerous complaints as to the procedures used and the evidence heard at the hearing before the reviewing committee of the Statewide Grievance Committee on September 8, 1993, the court, having heard the parties, examined the briefs and the transcript of that hearing, finds that the respondent failed to raise any objections or make any requests at the time of the hearing in question regarding his claims and that the procedures used by the Grievance Committee were well within the confines of the applicable rules. As to the various claims made by the respondent with respect to the factual findings of the reviewing committee, a review of the transcript of the proceedings shows that there was a factual basis for the reviewing committee to makes its decision.
The respondent made several claims of bias on the part of the reviewing committee both in his brief and at the evidentiary hearing. In the opinion of the court the claims made in the respondent's brief and the evidence offered at the hearing in large part lacked credibility and was self serving. In fact his entire presentation lacked merit and was basically a dilatory action. Accordingly, the motion to dismiss is denied.
Hale, J.