[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: CROSS MOTIONS FOR SUMMARY JUDGMENT
The plaintiff, Pauline Rowe, is one of three beneficiaries to the intestate estate of Pauline Wieczorek. The defendant, Robert Marrion, is the Administrator of the estate. Zigmund Wieczorek (claimant), also one of the beneficiaries, presented five claims to the Administrator against the estate, all of which the Administrator disallowed. The claimant thereafter commenced an action against the Administrator on the disallowed claims in the New London Superior Court. While that case was pending, the claimant and the Administrator entered into a written agreement to compromise the claims.[1] The Administrator filed an application for authority to compromise claims with the Probate Court. Before the Probate Court concluded its hearings on the application, the Superior Court dismissed the claimant's lawsuit against the Administrator pursuant to the Court's dormancy program. There is currently no action pending in the Superior Court by the claimant against the Administrator. During the CT Page 7702 Probate Court's last hearing on the application for authority to compromise claims, the plaintiff objected on the grounds that since there was no lawsuit pending in the Superior Court, there were no claims remaining to compromise and therefore the Probate Court lacked jurisdiction to consider the application. Thereafter, on December 23, 1996, the Probate Court held that the agreement to compromise claims survived the dismissal of the claimant's lawsuit in the Superior Court, and that the Probate Court had jurisdiction to consider the application. The Probate Court has not rendered a decision on the merits of the compromise agreement.
The plaintiff seeks a de novo review of the Probate Court's December 23, 1996 decision. The plaintiff moves for summary judgment on the ground that the Probate Court does not have jurisdiction to authorize the application to compromise claims since there is no longer a law suit pending in the Superior Court. The defendant moves for summary judgment on the ground that the Probate Court has jurisdiction to consider the application. The parties agree that there are no genuine issues of material fact in dispute. The sole issue before this court is whether the Probate Court has jurisdiction to act on the application for authority to compromise claims filed by the Administrator.
General Statutes § 45a-151 (a) provides in relevant part, "[u]pon application by . . . administrators. . . the court may, after public notice and hearing, authorize [an administrator] to compromise and settle any doubtful or disputed claims or actions, or any appeal from probate in favor of or against the estates or persons represented by them."
"The policy of the law is rather to discourage, than to encourage, a resort to litigation. If a controversy be actual and in good faith, it is a proper subject-matter for a binding contract or settlement. When such a settlement has been made free from fraud, mistake, or undue influence, whereby there is a surrender of a lawful claim, in whole or in part, upon one side, in exchange for something of value upon the other, such an agreement is as binding as any that parties, competent to contract, can make." Thomas' Appeal, 85 Conn. 50, 54, 81 A. 972
(1911). See also Iseli Co. v. Connecticut Light Power Co.,211 Conn. 133, 136, 558 A.2d 966 (1989); Warner v. Warner,124 Conn. 625, 634, 1 A.2d 911 (1938).
The agreement to compromise claims is a valid contract. CT Page 7703 Pursuant to the agreement, the claimant surrendered his right to pursue a lawsuit in the Superior Court in exchange for valuable assets. There have been no allegations that the legal claim was unlawful. Nor have there been any allegations of fraud, mistake, or undue influence which would invalidate the settlement contract.
Accordingly, the Probate Court has jurisdiction to consider the application for authorization to compromise claims, and shall rule on the Administrator's application. If the plaintiff is aggrieved by the Probate Court's decision, she may appeal that decision to the Superior Court pursuant to General Statutes §45a-186.
Accordingly, the plaintiff's motion for summary judgment is denied. The defendant's motion for summary judgment is granted.
MARTIN, J.