[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
Attorney Donald Wetmore has been presented to the court by the Statewide Grievance Committee for appropriate disciplinary action. The Presentment arises out of three incidents, two of which involve the same parties, namely, Donald Wetmore, Peter Stelma and Richard Nicolari, all of them one-third owners in a company known as Mortgage Assistance Group, Ltd. The complainants Stelma and Nicolari claim that Wetmore, the president and counsel for Mortgage Assistance, acted improperly in the handling of two pieces of property as well as the funds relating thereto. The third complaint involves Robert and Bernice Elliott and relates to a foreclosure of their property at 116 Lawn Avenue in Stamford, and Mr. Wetmore's actions relating to the same.
While there are three counts to the Presentment, there are actually two sets of complainants and the court will refer to them as the Elliott Complaint and the Stelma Complaint. Both complaints were brought before the local grievance panel and in the Elliott Complaint the panel found probable cause that Wetmore had violated Rules 1.7(b) and 1.4 of the Rules of Professional Conduct. As to the Stelma Complaint, the panel found probable cause that Rules 1.4 and 8.4 had been violated.
The matters were then referred to the Statewide Grievance Committee for appropriate action. The Statewide Grievance Committee appointed a Reviewing Committee for the purpose of holding a hearing on the violations. After hearing both complaints, the Reviewing Committee found that as to the Stelma Complaint Wetmore had violated Rules 1.4, 1.15(a), 1.15(b) and 8.4(c). As for the Elliott Complaint, they found that he had violated Rules 4.3 and 5.3. These findings were reported to the Statewide Grievance Committee.
The report of the Reviewing Committee was objected to by counsel for Wetmore alleging that the Reviewing Committee found violations on sections of the Rules of Professional Conduct other than what had been referred to them, and they were thus unable to respond to those charges. They allege that their client has been CT Page 10126 denied his due process rights under both the Constitution of the United States and the Constitution of the State of Connecticut.
The Statewide Grievance Committee rejected this argument and adopted the report of the Reviewing Committee voting to present Attorney Wetmore to the court for appropriate action.
A Presentment was made to the court and to that Presentment counsel for the defendant has filed a Motion to Dismiss. The motion is a two pronged one alleging (1) that the defendant Wetmore has been deprived of his due process rights under the Fourteenth Amendment to the Constitution of the United States and Article I, Section 10 of the Connecticut Constitution; and (2) that the grievance committee violated procedures established by statute and court rule in matters of disciplining attorneys.
As to the violation of due process, it should be noted that while the Reviewing Committee found violations in each complaint that were different than found by the grievance panel, nevertheless the complaints as they were heard by both the panel and the Reviewing Committee consisted of the same factual pattern. The complaints as heard by both groups did not change any of the facts as they were presented. Even though objections were raised, the Statewide Grievance Committee saw fit to adopt the report of the Reviewing Committee pursuant to Rule 27m of the Rules of Professional Conduct and file a Presentment to the Superior Court.
The respondent Wetmore alleges in his brief that due process entitles him to notice of the charges against him, to a fair hearing and a fair determination, in the exercise of sound judicial discretion, of the questions at issue, and to an appeal to this court for the purpose of having it determined whether or not he has in some substantial manner been deprived of such rights.
The complaint made, the court controls the situation and procedure, in its discretion, as the interests of justice may seem to it to require. In re: Peck, 88 Conn. 447, 452
"The proceeding to disbar an attorney is neither a civil action nor a criminal proceeding, but is a proceeding sui generis, the object of which is not the punishment of the offender but the protection of the court." Statewide Grievance Committee v. Peck, Superior Court CV91 0503797; Statewide Grievance Committee v. Broder, 112 Conn. 263, 265; Statewide Grievance Committee v. Fasano, 4 Conn. App. 173, 174. CT Page 10127
The one supreme requisite for a complaint or presentment, "is that it be sufficiently intelligible and informing to advise the court of the matter complained of, and the attorney of the accusation or accusations made against him to the end that the former may determine whether or not it shall constitute an inquiry, and, if one is ordered, properly conduct it, and that the latter may prepare to meet the charges against him, if inquiry shall be made. If this condition is satisfied, so that the accused is fully and fairly apprised of the charge or charges made, the complaint is sufficient to give him an opportunity to be fully and fairly heard, and therefore to entitle the court to entertain it, and thereon to an investigation." In re: Peck, 88 Conn. 447, 453.
The inherent authority of the court allows it therefore to act without first exhausting the grievance procedure so long as the above safeguards are met. As indicated earlier, the facts underlying the initial complaint are the same and have remained the same throughout the grievance procedure. That the respondent has received fundamental fairness and due process is without a doubt.
In the matter of Grievance Committee v. Goldfarb, 9 Conn. App. 464, the issues are similar. In that matter one of the issues was whether the plaintiff Grievance Committee could amend its complaint so as to expand the allegation beyond that of the original complaint.
"Statute and Rule provide orderly methods of procedure possessing the advantage of conformity, thoroughness, and the promise of efficiency. But the power of the court is left unfettered to act as situations, as they may arise, may seem to require, for efficient discipline of misconduct and the purging of the bar from the taint of unfit membership. Such statutes as ours are not restrictive of the inherent powers which reside in courts to inquire into the conduct of their own officers, and to discipline them for misconduct." State v. Peck, supra 457. Grievance Committee v. Goldfarb, supra 464.
"Under State v. Peck, supra, it is apparent that the rules of court do not provide exclusive methods for conduction attorney discipline proceedings in the Superior Court." Id., 457-458.
The court denies the defendant's Motion to Dismiss.
Louden, Forzani Katz for plaintiff. CT Page 10128
Cohen Wolf for defendant.