[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 27, 1996
The respondent Attorney John C. Kucej is presented to this court by the Statewide Grievance Committee for appropriate disciplinary action for alleged misconduct occurring from 1976 through 1992. A complaint was filed with the local grievance panel and by letter of June 24, 1994, it notified the respondent that they found probable cause of a violation and that the file would be sent to the Statewide Grievance Panel for its determination and review. After a hearing before the Statewide Panel it was their determination that the respondent had violated the Rules of Professional Conduct and recommended that the Statewide Grievance Committee present the respondent to court for appropriate action. This presentment was brought to this court by complaint dated March 28, 1996. On May 20, 1996, the respondent filed a motion to strike and/or dismiss from the amended presentment complaint those paragraphs related to the filing of attorney registration forms and occupational tax returns, to wit: paragraphs 20 through 30, 47, 48, 49, 52, 53, 55 and 56. The respondent alleges that the factual allegations and alleged Rule violations contained in these paragraphs were not in the complaint before the local Panel or the Statewide Panel and therefore should be stricken from the complaint in the instant matter. On May 31, 1996, the plaintiff filed an objection to the respondent's motion.
The question raised by this motion is whether the Statewide Grievance Committee can file a presentment with this court accusing the respondent of specific acts of misconduct that were not alleged specifically in the complaint before the Local Panel or the Statewide Panel. It is true that the specific allegations contained in the paragraphs above mentioned were not contained in the "complaint" before the Local Panel and hence not considered in the finding of probable cause that was processed through the Statewide Panel. It was at the hearing before the Statewide Panel that the evidence with respect to allegations contained in those above mentioned paragraphs was adduced from the complainant by the respondent's attorney Mr. Skelley. (Transcript dated September 8, 1994, Grievance complaint No. 93-0841 Pg. 10-11, 15, 16.) In spite of this, the respondent argues that he "never had an opportunity to defend himself or even explain the circumstances concerning these allegations." The court also notes that the Statewide Panel referenced occupational tax issue in its Proposed Decision and found that it was a violation of the rules of Professional Conduct. In any event this court does not agree with the respondent that the Statewide Grievance Committee is unable to initiate a direct complaint with this court and add CT Page 5375 allegations of misconduct in addition to those alleged in the initiating complaint or the probable cause finding nor does the court agree that the respondent was denied due process as he argues.
"Judges of the Superior Court possess the inherent authority to regulate attorney conduct and to discipline members of the bar . . . It is their unique position as officers and commissioners of the court which casts attorneys in a special relationship with the judiciary and subjects them to its discipline." (Citations omitted; internal quotation marks omitted.) Statewide Grievance Committee v. Presnick, 215 Conn. 162,166, 575 A.2d 210 (1990). "In exercising their inherent supervisory authority, the judges have authorized grievance panels and reviewing committees to investigate allegations of attorney misconduct and to make determinations of probable cause. See Practice Book § 27B et seq." Id.
A presentment proceeding "is neither a civil action nor a criminal proceeding, but is a proceeding sui generis, the object of which is not the punishment of the offender, but the protection of the court." Statewide Grievance Committee v.Rozbicki, 219 Conn. 473, 483, 595 A.2d 819 (1991), cert. denied,502 U.S. 1094, 112 S.Ct. 1170, 117 L.Ed.2d 416 (1992). The function of the grievance committee is to initiate presentment and thereafter a de novo evidentiary proceeding is carried out by the court, with whom rests the ultimate responsibility to determine whether an act or acts of misconduct occurred.Statewide Grievance Committee v. Presnick, supra, 215 Conn. 167;Statewide Grievance Committee v. Lorent, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 127996, 9 CONN. L. RPTR. 304 (June 25, 1993) (Rush, J.). In carrying out these responsibilities, the grievance committee "act[s] as an arm of the court." Statewide Grievance Committee v. Rozbicki,211 Conn. 232, 239, 558 A.2d 986 (1989).
The issue of whether a plaintiff grievance committee could amend its complaint so as to expand the allegation beyond that of the original complaint was addressed in Grievance Committee v.Goldfarb, 9 Conn. App. 464, 519 A.2d 624 (1987). In Goldfarb, the Court stated that in presentment matters, "[t]he courts art as they should be, left free to act as they may in each case seems best in this matter of most important concern to them and to the administration of justice . . . statute and rule provide orderly methods of procedure possessing the advantage of uniformity, CT Page 5376 thoroughness, and the promise of efficiency. But the power of the courts is left unfettered to act, in situations, as they may arise, may seem to require, for efficient discipline of misconduct and the purging of the bar from the taint of unfit membership. Such statutes as ours are not restrictive of the inherent which reside in courts to inquire into the conduct of their own officers . . ." Id., 474 quoting In re Peck, 88 Conn. 447,457, 91 A. 274 (1914).
Under both Goldfarb and Peck, supra, it is clear our rules of court do not provide the exclusive method for conducting attorney discipline proceedings in the Superior Court. As such, the Statewide Grievance Committee, as an "arm of the court" is not bound by the allegations set forth in the initiating complaint and the probable cause finding. See also Statewide GrievanceCommittee v. Wetmore, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 038456 (November 22, 1993) (Curran, J., 10 CONN. L. RPTR. 391, 9 CSCR 42).
As to the respondent's due process argument, once a complaint has been made against an attorney "the court controls the situation and procedure in its discretion, as the interests of justice may seem to it to require." In re Peck, supra, 88 Conn. 452;Statewide Grievance Committee v. Botwick, 226 Conn. 299,307, 627 A.2d 901 (1993). The one "supreme requisite" for a presentment complaint, "is that it be sufficiently intelligible and informing to advise the court of the matter complained of, and the attorney of the accusation or accusations made against him, to the end that . . . the latter may prepare to meet the charges against him . . . If this condition is satisfied, so that the accused is fully and fairly apprised of the charge or charges made, the complaint is sufficient to, give him an opportunity to be fully and fairly heard . . ." In re Peck, supra, 453.
In the instant case, the focus of the Statewide Grievance Committee's investigation was the respondent's misuse of his sister's name and signature. In connection with this, the issues regarding the misuse of attorney registration forms and occupational tax returns were raised at the reviewing committee proceedings of September 8, 1994 as stated above. Transcript, pp. 10-11, 15-16. The respondent Kucej testified as to these issues at that hearing. Id., 26, 45-46. The proposed decision of the reviewing committee, with notice dated July 12, 1995, advised the respondent that both issues were to be referred to the Superior Court. Plaintiff's Mem., Appendix 3, P. 3. Moreover, the CT Page 5377 presentment complaint fully and adequately sets forth the facts and charges as they relate to both of these issues. There is no question that the respondent has been afforded due process. SeeStatewide Grievance Committee v. Wetmore, supra.
Accordingly, the court denies the respondent's motion to strike and or dismiss.
PELLEGRINO, J.